No. 48,813

STATE OF KANSAS, *Appellee,* v. CARL E. NELSON, *Appellant.*

(573 P.2d 602)

Opinion filed December 10, 1977.

*Andrew E. Busch,* of Warner, Bailey & O'Hara, of Wichita, argued the cause and was on the brief for the appellant.

*James L. Linn,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, *Vern Miller,* district attorney, and *Stephen M. Joseph,* assistant district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: Carl E. Nelson was convicted on three counts of rape, three counts of aggravated sodomy and three counts of aggravated kidnapping. The sufficiency of the evidence to support the verdicts is not questioned. The charges stemmed from three different incidents which occurred in 1976. We need not recite the sordid details of these crimes.

Defendant Nelson appeals and urges two trial errors relating to a one-day continuance ordered during the trial proceedings. This continuance was ordered by the trial judge at the end of the third day of trial proceedings. The trial proceedings had been adjourned until 9:30 the next morning. The jurors had been admonished and released for the night. One of the jurors, Miss Arvis Bryan, then approached the judge and asked to be excused on the following day so she could visit her father who was seriously ill in a hospital in Oklahoma. Permission was granted.

When court convened the next morning the trial judge addressed the remaining jurors as follows:

"THE COURT: Members of the jury, you've obviously noticed that Miss Bryan

is not here. Her father is in the hospital in Oklahoma, and she asked permission to go down and be with him. We expect that she will be back tomorrow. So I'm going to release you for today and ask you to come back tomorrow morning at 9:30.

"Remember my admonition during this recess.

"Obviously the circumstances necessitating it are beyond anybody's control.

"So remember my admonition." (III R. 337)

Miss Bryan was present the following morning and the trial continued without further interruption. The jury, as originally selected and constituted, returned verdicts of guilty on all counts.

The defendant relies on the provisions of K.S.A. 60-248(f) relating to jury procedure which read:

"(f) *Discharge of jury, when.* The jury may be discharged by the court on account of the sickness of a juror, or other necessity to be found by the court or by consent of both parties, or after it has been kept together until it satisfactorily appears that there is no probability of the jurors reaching a verdict."

He argues that the power of a trial court to discharge a juror who has been sworn to pass on the question of the defendant's guilt must be exercised with a view to preserve inviolate defendant's constitutional right not to be put in jeopardy twice for the same offense. Defendant asserts his right in this respect can only be safeguarded by a proceeding where a judicial inquiry as to the existence of a fact alleged to have occurred away from the presence and observation of the court is to be made in the presence of the parties interested so their rights to introduce evidence and cross-examine witnesses are afforded. The defendant urges the rule of law that a juror may not be discharged by the court because of illness of a member of his family without a judicial finding supported by evidence indicating the necessity therefor. This contemplates a proceeding in court where the defendant can be present, introduce evidence and cross-examine witnesses. See *State v. Reed,* 53 Kan. 767, 37 Pac. 174; *State v. Allen,* 59 Kan. 758, 54 Pac. 1060; and *State v. Howard,* 221 Kan. 51, 55, 557 P.2d 1280.

The above statute and case law relate to discharge of a juror which of necessity requires the declaration of a mistrial under K.S.A. 60-248(f) or, if consented to by the defendant, a trial to a jury of less than twelve members as provided for in K.S.A. 22-3403(2). We have no quarrel with the cases cited. However 60-248(f) and the case law simply have no application to the present case where a recess was declared and the trial continued after a one-day adjournment with all the jury present.

Defendant's second approach on appeal to this one-day continuance is the argument that this action violated his right to be present as declared in K.S.A. 22-3405:

"(1) The defendant in a felony case shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by law. . . ."

Simply stated the question is whether a judge may order a one-day continuance during an evening recess of trial proceedings in the absence of the defendant. In the present case the defendant made no objection to the resumption of trial after the one-day recess. He does not now contend that he or his witnesses were inconvenienced or that he was prejudiced by the one-day delay. He waited until after guilty verdicts were returned before raising objection. To uphold his contention we would have to find there was prejudice *per se.* This we decline to do.

The granting or denial of a continuance in a criminal prosecution is largely within the sound discretion of the district court. Its ruling will not be disturbed in the absence of a showing that there has been an abuse of discretion which has prejudiced the defendant's substantial rights. See *State v. Hemminger,* 203 Kan. 868, 870, 457 P.2d 141, cert. den. 396 U.S. 1045, 24 L.Ed.2d 689, 90 S.Ct. 696, and *State v. Bentley,* 218 Kan. 694, 695, 545 P.2d 183.

The presence of defendant is not required by K.S.A. 22-3405 during an evening recess in the trial proceedings at which time a juror is granted permission by the trial judge to visit a sick relative; and when the proceedings resume the following morning the trial judge in his discretion may declare a one-day continuance to assure the return of the juror when no prejudice to the defendant's rights has been shown.

Judgment affirmed.