(580 P.2d 434)
No. 48,963

STATE OF KANSAS, *Appellee,* v. WILLIAM J. BRADY, *Appellant.*

Opinion filed June 16, 1978.

*Eugene W. Hiatt* and *Kenneth F. Crockett,* of Hiatt, Crockett, Hiatt & Carpenter, of Topeka, for the appellant.

*Thomas F. Werring,* County Attorney, and *Curt T. Schneider,* Attorney General, for the appellee.

Before PARKS, P.J., ABBOTT and MEYER, JJ.

PARKS, J.: This is an appeal from a jury verdict which found William J. Brady guilty of two counts of perjury (K.S.A. 21-3805).

The facts may be summarized as follows: Defendant Brady drafted a will for Ruth Janet Hunter, who was a patient in an Atchison, Kansas, hospital. Miss Hunter signed the will which was witnessed by Brady and his secretary on July 17, 1975.

Following Miss Hunter's death in August, 1975, Brady offered this will for probate. The validity of the testatrix's signature was questioned by one of the heirs and an investigation followed. The defendant's deposition was taken on October 27, 1975, and he appeared as a witness during the probate proceedings in November, 1975. On both occasions, he testified under oath that Miss Hunter needed no assistance in affixing her signature to the will.

In a January 31, 1976, statement which was also made under oath, defendant repudiated his prior testimony. This time, he testified that at the testatrix's request, he had guided her hand when she signed the will.

We first consider the state's claim that this court has no jurisdiction of this appeal due to the untimely filing of the notice of appeal by the defendant.

K.S.A. 22-3608(2) reads:

"If the imposition of sentence is suspended, the defendant may appeal from the judgment of the district court within ten days after the order suspending imposition of sentence."

The state, in reliance upon the above statute, contends that the trial judge announced on November 12, 1976, that he was placing the defendant on probation for a period of three years and that the time in which an appeal may be taken begins to run from the date the judgment or order is rendered and not from the date a journal entry is filed. We disagree.

K.S.A. 60-258 (Weeks), amended by Supreme Court order dated July 28, 1976, provides that no judgment shall be effective unless and until a journal entry or judgment form is signed by the trial judge and filed with the clerk of the court.

In this case, counsel for the state was directed to prepare "separate orders" relating to: (1) The judgment of the court denying defendant's motions for judgment of acquittal and new trial and the conditions of probation, and (2) the requirements for submitting periodic medical reports to the court. The journal entry was not approved by the parties, signed by the trial judge, and filed until November 23, 1976. There is no entry in the appearance docket or other document which would give the judgment any effective date prior to the filing date of November 23, 1976. Following the filing of the journal entry, defendant filed his notice of appeal on November 29, 1976.

Except as otherwise provided by statute or rule of the Supreme Court, the statutes, and rules governing procedure on appeals to an appellate court in civil cases shall apply to and govern appeals to an appellate court in criminal cases. K.S.A. 22-3606.

Supreme Court Rule No. 16 [214 Kan. xxxiii], which was in effect at the time of this appeal, provided that a notice of appeal filed subsequent to an announcement by the judge of the district court, but prior to the actual entry of judgment as provided in K.S.A. 60-258 should have the same effect as if the notice of appeal had been filed simultaneously with the actual entry of judgment, provided it complies with K.S.A. 60-2103(b). This rule supports the view that the filing of a journal entry is a necessary

step to the filing of an appeal. While the statutes 60-258 and 60-2103 are civil, no reason is apparent why they should not apply to a criminal case. *Ramsey v. Hand,* 185 Kan. 350, 360, 343 P.2d 225 (1959); K.S.A. 60-201; K.S.A. 22-3606, supra.

We conclude that the order suspending imposition of sentence was not entered until the filing of the journal entry on November 23, 1976. Accordingly, we hold that the appeal is timely. *Rewerts v. Whittington,* 1 Kan. App. 2d 557, 559, 571 P.2d 58 (1977); *Carnation Co. v. Midstates Marketers, Inc.,* 2 Kan. App. 2d 236, 577 P.2d 827 (1978).

The primary question is whether the trial court erroneously denied the defendant's motions for judgment of acquittal.

Judgment of acquittal on a defendant's motion is governed by K.S.A. 22-3419. The tests to be applied by the trial court when ruling on a motion under that statute are set out in *State v. Gustin,* 212 Kan. 475, 510 P.2d 1290 (1973), wherein the court held:

> "A trial judge in passing upon a motion for judgment of acquittal must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. If he concludes guilt beyond a reasonable doubt is a fairly possible result, he must deny the motion and let the jury decide the matter. If he concludes that upon the evidence there must be such a doubt in a reasonable mind, he must grant the motion." (Syl. 3.)

See also, *State v. Goodwin,* 223 Kan. 257, 260, 573 P.2d 999 (1977); *State v. Jones,* 222 Kan. 56, 62, 563 P.2d 1021 (1977); and *State v. Holt,* 221 Kan. 696, 700, 561 P.2d 435 (1977).

The state's evidence established that on two separate occasions the defendant, under oath, testified that the testatrix signed the will without any assistance from him. The evidence also showed that until his sworn statement on January 31, 1976, defendant had continuously asserted that the execution had been routine. It was then that he admitted, "I just put my hand over hers and guided her right through her name."

We believe the record, reviewed in the light required by our rules of appellate review, supports the trial court's denial of defendant's motions. The evidence is sufficient to warrant that a reasonable mind might fairly conclude guilt beyond a reasonable doubt. *State v. Colbert,* 221 Kan. 203, 210, 557 P.2d 1235 (1976); *State v. Holloway,* 219 Kan. 245, 547 P.2d 741 (1976).

Judgment is affirmed.