No. 51,100

STATE OF KANSAS, *Appellee*, v. HARVEY A. MOSES, JR., *Appellant*.

(607 P.2d 477)

Opinion filed March 1, 1980.

*Robert L. Mitchell*, of Lewis, Davis & Mitchell, of Wichita, argued the cause and was on the brief for the appellant.

*Stuart W. Gribble*, assistant district attorney, argued the cause, and *Robert T. Stephan*, attorney general, *Vern Miller*, district attorney and *Roger C. Skinner*, assistant district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: This is a direct appeal by Harvey A. Moses, Jr., following his conviction by a jury of kidnapping, K.S.A. 21-3420, and aggravated robbery, K.S.A. 21-3427. Defendant was sen-

tenced to consecutive terms of 15 years to life and 10 years to life.

Defendant claims that the trial court committed prejudicial error in admitting three exhibits and in failing to recess trial and grant defendant sufficient time to obtain an expert witness. Before turning to these issues, however, we must first determine whether this appeal is timely filed and thus determine whether we have jurisdiction.

The jury returned its verdict on June 14, 1978. A journal entry reciting the trial, verdict, and conviction was filed July 17, 1978. On that date, however, sentencing was deferred, and Moses was committed to the Larned State Hospital for mental examination and evaluation pursuant to K.S.A. 22-3429. Sentence was imposed in open court on November 9, 1978. The journal entry covering sentencing was filed on November 22, 1978. Notice of appeal was not filed until April 5, 1979; at the same time, defendant filed a motion to extend time to file notice of appeal, and that motion was sustained on April 24, 1979; the trial court granted defendant an additional 30 days in which to file his notice of appeal.

Several statutes come into play. K.S.A. 22-3608 fixes the time for taking appeals in criminal cases. It reads:

"(1)  If sentence is imposed, the defendant may appeal from the judgment of the district court not later than ten days after the expiration of the district court's power to modify the sentence. The power to revoke or modify the conditions of probation shall not be deemed power to modify the sentence.

"(2)  If the imposition of sentence is suspended, the defendant may appeal from the judgment of the district court within ten days after the order suspending imposition of sentence."

The district court's power to modify the sentence imposed is controlled by K.S.A. 1979 Supp. 21-4603(2), which reads in applicable part as follows:

"Any time within one hundred twenty (120) days after a sentence is imposed  .  .  .  the court may modify such sentence  .  .  .  by directing that a less severe penalty be imposed in lieu of that originally adjudged within statutory limits."

The rendering of judgment and the imposition of sentence in a criminal case is likewise governed by statute. K.S.A. 22-3424(1) declares:

"The judgment shall be rendered and sentence imposed in open court."

In felony cases, the defendant must be present in person at the

time of sentencing. K.S.A. 22-3405(1). A record of the judgment rendered or the sentence imposed must be made upon the journal of the court, and the judge must personally examine and sign the journal entry. K.S.A. 22-3426. The journalized entry is thus a *record* of the sentence imposed; but the actual *sentencing* occurs when the defendant appears in open court and the judge orally states the terms of the sentence.

In *Parks v. Amrine,* 154 Kan. 168, 117 P.2d 586 (1941), we held that under the statutes then in force, the sentence "was effective when rendered, even though the entry of it was not made on the journal until three days later." 154 Kan. at 173. The failure of the clerk to make the required entry did not impair the judgment's effectiveness. *Parks* was followed in *State v. Carte,* 157 Kan. 139, 138 P.2d 429 (1943), and *State v. Nichols,* 167 Kan. 565, 572, 207 P.2d 469 (1949). This has always been the rule in Kansas, and present statutes have not changed it. The journals and records are said to be merely formal evidence of the judgment and sentence; the sentence itself is that actually imposed by the judge. *Foster v. Zerbst,* 92 F.2d 950 (10th Cir. 1937). In *Walden v. Hudspeth,* 115 F.2d 558 (10th Cir. 1940), the late Judge Huxman explained judgments in criminal cases, saying:

"Neither the commitment nor the clerk's entry is the judgment. The judgment is the pronouncement by the court from the bench." (p. 559.)

Applying these statutes to the facts at hand, we find that sentence was imposed on November 9, 1978; the trial court's power to modify that sentence expired 120 days later, on March 9, 1979; and the time for appeal expired ten days thereafter, on March 19, 1979.

When the defendant appears for sentencing in a criminal case, the court may commit the defendant to the custody of the appropriate authority, impose a fine, grant probation, suspend the imposition of sentence, or impose any combination of those alternatives. K.S.A. 1979 Supp. 21-4603(2). Regardless of which of the alternatives the court selects, the judgment is effective upon its pronouncement from the bench; the filing of a formal journal entry is but a record, evidence of what has been done. The court's order does not derive its effectiveness from the journal entry, or from any act of the clerk; it is effective when announced. The defendant is personally present, and thus knows that at that moment he or she has been sentenced, fined, or placed on proba-

tion, or that the imposition of sentence has been suspended. If the defendant has pled not guilty and has been convicted at trial, the court is required to advise the defendant of his or her right to appeal and that the clerk will file the requisite notice of appeal if the defendant so desires. K.S.A. 22-3424(5).

Our Court of Appeals, in *State v. Brady,* 2 Kan. App. 2d 382, 580 P.2d 434 (1978), held that the final order of a trial court in a criminal case, placing the defendant on probation and suspending the imposition of sentence, was not effective until the journal entry was filed. The court relied upon K.S.A. 60-258 which says that "[n]o judgment shall be effective unless and until a journal entry or judgment form is signed by the trial judge and filed with the clerk . . . ." That statute does not apply in criminal cases; the rendering of judgment and the imposition of sentence in criminal cases are governed by K.S.A. 22-3424 and the making of a record thereof is governed by K.S.A. 22-3426. For these reasons we overrule syllabus ¶ 2 and corresponding statements in the *Brady* opinion.

Next, we must determine whether the district court's order granting Moses leave to file his notice of appeal out of time was valid. There is no express authority for such an order in the statutes and rules governing appeals in a criminal case. K.S.A. 1979 Supp. 22-3606 provides that:

"Except as otherwise provided by statute or rule of the supreme court, the statutes and rules governing procedure on appeals to an appellate court in civil cases shall apply to and govern appeals to an appellate court in criminal cases."

K.S.A. 60-2103 reads in part as follows:

"(a) *When and how taken.* When an appeal is permitted by law from a district court to an appellate court, the time within which an appeal may be taken shall be thirty (30) days from the entry of the judgment, as provided by K.S.A. 60-258, except that upon a showing of excusable neglect based on a failure of a party to learn of the entry of judgment the district court in any action may extend the time for appeal not exceeding thirty (30) days from the expiration of the original time herein prescribed."

Does this statute authorize the district courts to extend the time for appeal in criminal cases? We hold that it does not. The defendant in criminal cases is personally present if the offense is a felony, or is present either personally or by counsel if the offense is a misdemeanor, when sentence is imposed and judgment is entered. K.S.A. 22-3405. There can be no "excusable

neglect based on a failure of a party to learn of the entry of judgment," the only basis upon which an extension of time may be granted under K.S.A. 60-2103(*a*). The quoted portion of that statute has no application to criminal appeals. Notice of appeal must be filed in a criminal case within 130 days from the date on which sentence is imposed from the bench in open court.

This court has only such appellate jurisdiction as is provided by law. Jurisdiction to entertain an appeal is conferred by statute pursuant to article 3, § 3 of the Constitution of Kansas, and when the record discloses a lack of jurisdiction it is the duty of this court to dismiss the appeal. *State v. Leopard,* 191 Kan. 581, 582, 382 P.2d 330 (1963); *Fildes v. Fildes,* 215 Kan. 622, 527 P.2d 1007 (1974).

The filing of a timely notice of appeal is jurisdictional. The appeal in this case was not taken within the 130-day period fixed by statute, K.S.A. 22-3608 and K.S.A. 1979 Supp. 21-4603, and must therefore be dismissed.

Although we are without jurisdiction to entertain the merits of this appeal, we have examined both points raised in the briefs and find them wholly without merit. When, either during the presentation of his case or during his cross-examination of prosecution witnesses, a defendant opens an otherwise inadmissible area of evidence, the prosecution may then present evidence in that formerly forbidden sphere. *State v. Roach,* 223 Kan. 732, 576 P.2d 1082 (1978); *State v. Ralph,* 217 Kan. 457, 537 P.2d 200 (1975). And finally, denial of a continuance is within the trial court's discretion and will not be disturbed on appeal absent a showing of abuse of discretion which has prejudiced defendant's rights. *State v. Nelson,* 223 Kan. 251, 573 P.2d 602 (1977). No abuse of discretion or resulting prejudice is shown by the record in this case.

The appeal is dismissed.