(608 P.2d 1020)

No. 50,909

STATE OF KANSAS, *Appellee*, v. ROBERT R. JOHNSON, JR., *Appellant*.

Opinion filed March 14, 1980.

*David R. Gilman*, of Overland Park, for the appellant.

*Susan Ellmaker*, assistant district attorney, *Robert T. Stephan*, attorney general, and *Dennis W. Moore*, district attorney, for the appellee.

Before FOTH, C.J., ABBOTT and MEYER, JJ.

FOTH, C.J.: This is an appeal from defendant's conviction of eleven counts of aggravated assault and his sentence imposed

pursuant to K.S.A. 1979 Supp. 21-4618. That section provides that where a firearm is used in the commission of certain crimes (including aggravated assault) there can be no probation or suspended sentence, but the defendant must be sentenced to at least the minimum term provided by law for the offense. The sole issue on appeal is whether the trial court erred in refusing, under the circumstances to be recounted, to allow defendant to present evidence at sentencing on the issue of whether a firearm was used in the commission of the offenses.

Defendant was convicted after a jury trial. At trial evidence was presented that defendant used a gun during the commission of the crimes, and a .22 caliber handgun was received into evidence and identified by some of the witnesses as the gun used by defendant. Defendant did not testify at trial.

The verdict was returned on June 30, 1978. Defendant's post-trial motions were overruled on September 14, 1978, and a presentence investigation was ordered, together with a report from the Kansas Reception and Diagnostic Center. Two stays of defendant's commitment to K.R.D.C. were granted. On November 28, 1978, defendant appeared before the court with counsel. At that time the matter was continued for sentencing to December 14, 1978.

At sentencing, the State requested the court to invoke the provisions of K.S.A. 1979 Supp. 21-4618. Defense counsel objected, arguing that notice and a separate evidentiary hearing were required on the issue of whether a firearm was used prior to invocation of the mandatory minimum sentencing act. At such a hearing, he said, "[W]e might want to present evidence." The State contended no hearing was required and that the trial court could apply the statute on the basis of the evidence received at trial. Defense counsel reiterated his position, but candidly admitted that he was not prepared to present evidence on the firearm issue at that time and moved the court to set an evidentiary hearing on the following day. The State pointed out that sentencing under 21-4618 had been an issue discussed with opposing counsel since well before trial. On oral argument before us counsel conceded as much, and it is apparent from the chronology recited above that there could be no legitimate claim of surprise. The trial court denied the motion, apparently ruling that no further hearing on the firearm issue was permitted under *State v. Mullins,* 223 Kan. 798, 577 P.2d 51 (1978).

Setting aside momentarily the heart of the issue raised, we conclude that the trial court was under no obligation to grant a continuance even if a hearing was proper. The decision to grant or deny a continuance rests within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion which has prejudiced the defendant's substantial rights. *State v. Nelson,* 223 Kan. 251, Syl. ¶ 1, 573 P.2d 602 (1977). A review of the record indicates defense counsel was well aware of the State's intent to invoke the mandatory minimum statute prior to sentencing and that he presented no compelling reason at sentencing why he was not prepared to present evidence at that time. It has previously been determined that the provisions of K.S.A. 1979 Supp. 21-4618 do not require that the use of a firearm be pleaded, *since no new crime is charged or additional sentence imposed. State v. Kleber,* 2 Kan. App. 2d 115, 120, 575 P.2d 900, *rev. denied* 225 Kan. 846 (1978). The State argues, correctly we think, that the evidence at trial put defendant on notice of the potential applicability of the statute, and counsel concedes actual notice of the State's position. We hold that the trial court did not abuse its discretion in denying defendant's motion to postpone the sentencing.

On the other hand, if defendant had been prepared to offer evidence and been denied the right, we think the situation would have been different. For K.S.A. 1979 Supp. 21-4618 to be applicable, the State must establish and the sentencing court must find that a firearm was an instrumentality of the crime. *State v. DeCourcy,* 224 Kan. 278, 281, 580 P.2d 86 (1978). The cases have additionally consistently held that whether a defendant used a firearm is a matter to be determined by the trial judge *at the time of sentencing* and need not be submitted to the jury. *State v. Mullins,* 223 Kan. at 801; *State v. McCarty,* 224 Kan. 179, 181, 578 P.2d 274 (1978); *State v. Quick,* 226 Kan. 308, 319, 597 P.2d 1180 (1979); *State v. Kleber,* 2 Kan. App. 2d at 120. The cases cited also indicate the State *may* present evidence on the firearm issue to the court after conviction, but if use was established during trial such post-trial evidence is unnecessary.

We believe that in either event a trial court should consider evidence timely offered by defendant on the firearm issue—even where, as in the instant case, unrefuted evidence was presented

by the State on the issue at trial. Further, where such evidence was *not* presented at trial, it seems to us that the use of the firearm becomes a new factual issue and that fundamental fairness, if not due process, requires that defendant have notice that it will be presented after trial and be afforded a fair opportunity to be heard. Compare, *e.g., State v. Voiles,* 226 Kan. 469, 601 P.2d 1121 (1979). Such a conclusion is consistent with a defendant's right of confrontation, *cf. e.g., State v. Deffenbaugh,* 217 Kan. 469, 473, 536 P.2d 1030 (1975), and with the basic proposition that a sentencing court consider the aggravating or mitigating circumstances in a particular case. *Williams v. Oklahoma,* 358 U.S. 576, 585, 3 L.Ed.2d 516, 79 S.Ct. 421 (1959); K.S.A. 21-4606; 24B C.J.S., Criminal Law § 1980. Nor do we feel that such a procedure places an undue burden on the trial court. The factual question of whether a firearm was used has been delineated by recent decisions. See *State v. Deutscher,* 225 Kan. 265, 272-3, 589 P.2d 620 (1979); *State v. Davis,* 227 Kan. 174, 177-8, 605 P.2d 572 (1980); *State v. Boster,* 4 Kan. App. 2d 355, 360, 606 P.2d 1035 (1980). We believe the trial court will be able in most cases to make its determination without a protracted hearing.

In this case, however, we hold that the trial court's ruling was not error. As noted above, the issue had been in the case from the beginning yet defense counsel advanced no persuasive reason why he was not ready to present evidence at the time previously set for sentencing. Further, he made no acceptable proffer of the evidence he proposed to submit, whereas the evidence at trial was more than adequate to support the court's conclusion that a firearm was used. Compare, *State v. Taylor,* 225 Kan. 788, 795, 594 P.2d 211 (1979). Finding no error, we need not address the State's contention that the appeal is moot because defendant has already served the minimum sentence imposed.

Affirmed.