No. 68,006

CITY OF WICHITA, KANSAS, A Municipal Corporation, *Appellant*,
v. BRYAN J. BROWN, *Appellee*.

(861 P.2d 789)

Opinion filed October 29, 1993.

*Gary E. Rebenstorf*, city attorney, and *Dana J. Winkler*, assistant city attorney, were on the brief for appellant.

No appearance by appellee.

The opinion of the court was delivered by

ABBOTT, J.: The City of Wichita appeals on a question reserved following the acquittal of the defendant, Bryan J. Brown. Brown was tried on a charge of violating a city ordinance prohibiting loitering in a public place.

We first consider a jurisdictional issue raised by this court during the pendency of this appeal.

Trial to the bench was held on January 6 and January 10, 1992. The trial court allowed the parties to submit briefs and closing argument in writing. On February 18, 1992, the trial court filed a memorandum opinion and caused a copy of the opinion to be hand delivered to counsel for the City of Wichita and mailed a copy to the defendant. The 11-page opinion of the trial judge concludes: "Under the facts and law of this particular case, defendant is discharged."

On the same day, February 18, 1992, the trial court filed its "Record of Trial or Plea" with the clerk of the district court for Sedgwick County showing it had found the defendant "Not Guilty."

On March 9, 1992, the City of Wichita caused a "Journal Entry" to be executed by the trial judge and filed with the clerk of the court finding the defendant "not guilty and . . . discharged."

The City of Wichita filed its notice of appeal on a question reserved pursuant to K.S.A. 22-3602(b)(3) on April 3, 1992. For what it is worth, the docketing statement filed by the plaintiff contains the jurisdictional statement that the City of Wichita is appealing from the February 18, 1992, "journal entry."

The prosecution is required to file its notice of appeal on a question reserved within 30 days after the entry of judgment. *State v. Freeman*, 236 Kan. 274, 277, 689 P.2d 885 (1984); see K.S.A. 22-3606; K.S.A. 60-2103(a).

When was an appealable order entered in this case? Was it on February 18, 1992, or was it on March 9, 1992? If the judgment was appealable on February 18, 1992, the notice of appeal filed on April 3, 1992, comes too late and this court has no jurisdiction.

Had the defendant been convicted in this case, an appeal could not have been taken until sentence was imposed or the imposition of sentence was suspended. See *State v. Freeman*, 236 Kan. at 277. However, a journal entry setting forth the sentence is not necessary to commence the appeal period for a defendant who wishes to appeal. Concerning sentencing in criminal cases, this court said:

"[T]he judgment is effective upon its pronouncement from the bench; the filing of a formal journal entry is but a record, evidence of what has been done. The court's order does not derive its effectiveness from the journal entry, or from any act of the clerk; it is effective when announced." *State v. Moses*, 227 Kan. 400, 402, 607 P.2d 477 (1980).

In *Moses*, 227 Kan. at 403, this court held that K.S.A. 60-258 (no judgment is effective unless and until a journal entry or judgment form is signed and filed) does not apply to criminal cases and that K.S.A. 1992 Supp. 22-3424 governs the rendering and imposition of judgment.

K.S.A. 1992 Supp. 22-3424 provides in pertinent part: "(2) If the verdict or finding is not guilty, judgment shall be rendered immediately and the defendant shall be discharged from custody and the obligation of the defendant's appearance bond." Although the trial judge here did not render judgment in open court, he did file a judgment form finding the defendant not guilty and

discharged on February 18, 1992. The defendant could no longer be held in jail or on bond on that charge (loitering) and, having been acquitted, he could not again be charged with that criminal offense.

We see no rational basis for holding the prosecution to a less strict time standard within which to appeal than that to which the defendant is held under *Moses*, 227 Kan. 400. K.S.A. 1992 Supp. 22-3424 clearly requires that when a defendant is found not guilty, judgment is to be rendered immediately and the defendant is discharged from custody and bond. No journal entry is required to give effect to the defendant's discharge.

We hold that when an accused is found not guilty and discharged from custody and bond with the knowledge of the prosecution, the appeal time commences. In this case, the appeal time commenced on February 18, 1992. Thus, we are without jurisdiction to hear this appeal.

Appeal dismissed for lack of jurisdiction.