NOT DESIGNATED FOR PUBLICATION

No. 115,372

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES L. BROWN, SR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed July 14, 2017.
Affirmed.

*Kristen B. Patty*, of Wichita, for appellant, and *James L. Brown, Sr.*, appellant pro se.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before MALONE, P.J., LEBEN and BRUNS, JJ.

*Per Curiam*:  A jury convicted James L. Brown of nine counts of rape and eight
counts of aggravated human trafficking in 2012. Prior to the docketing of his direct
appeal, Brown filed a pro se motion requesting unredacted discovery in the district court.
While his direct appeal was pending, Brown filed pro se motions for discovery and for
transcripts in the district court. Also, while his direct appeal was pending, Brown filed a
pro se motion to correct illegal sentence and an amended motion to correct illegal
sentence. The district court ultimately denied all of Brown's motions.

1

On appeal, Brown challenges the denial of the motions arguing: (1) he was entitled to discovery under K.S.A. 2016 Supp. 22-3212 and K.S.A. 2016 Supp. 22-3213; (2) the district court had jurisdiction to rule on his motion for discovery and transcripts after the docketing of his appeal; (3) the district court applied an incorrect legal standard in denying his motion for transcripts; and (4) his sentence is illegal because the district court used his prior convictions for sex offenses in enhancing his sentence. Finding none of these arguments to be persuasive, we affirm.

FACTS

On November 9, 2012, a jury convicted Brown of 17 crimes—9 counts of rape and 8 counts of aggravated human trafficking of 14- and 15-year-old sisters. The district court sentenced Brown to life imprisonment without the possibility of parole under the aggravated habitual sex offender statute. On May 29, 2015, the Kansas Court of Appeals affirmed the convictions and sentence. *State v. Brown*, No. 109,814, 2015 WL 3555357 (Kan. App. 2015) (unpublished opinion). Subsequently, he filed a petition for review that was denied by the Kansas Supreme Court on October 21, 2016. A mandate was issued in Brown's direct appeal on November 2, 2016.

On February 15, 2013, prior to the docketing of Brown's direct appeal, he filed a pro se motion requesting personal copies of all discovery in unredacted form. The district court denied the motion, finding that "Defendant has appointed counsel. He is not entitled to unredacted discovery." Thereafter, on October 24, 2013, after the direct appeal had been docketed but was still pending, Brown filed another pro se motion seeking transcripts and discovery. On December 9, 2013, the district court also denied this motion. Although Brown filed a notice of appeal on December 16, 2013, he did not perfect the appeal.

2

On June 15, 2015, again while his direct appeal was still pending, Brown filed a pro se motion for an order waiving transcript and record fees under K.S.A. 22-4506 and K.S.A. 22-4509. The district court also denied this motion. In response, Brown filed a "Pro-Se Motion to Appeal" on October 20, 2015, and a "Motion to Appeal Decision of District Court" on November 3, 2015.

On June 10, 2014, Brown had also filed a pro se motion to correct illegal sentence. In his motion, he argued that two pre-1993 convictions for indecent liberties with a child had been improperly classified as person felonies for the purpose of calculating his criminal history score, making his sentence illegal pursuant to *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015). On October 6, 2014, Brown filed an amended motion to correct illegal sentence arguing the modification making *Murdock* only applicable to out-of-state pre-1993 felonies violated the Equal Protection Clause. The district court eventually denied Brown's motion to correct illegal sentence. In doing so, the district court noted that this court had already rejected Brown's *Murdock* argument in his direct appeal. Thereafter, Brown filed a timely notice of appeal.

ANALYSIS

*2013 Motions for Discovery*

We will first address the pro se motions filed by Brown in 2013. The district court denied Brown's first motion for discovery on March 8, 2013, and denied his second motion for discovery on December 9, 2013. Brown filed a notice of appeal 7 days later, but he did not perfect the appeal.

Nearly 2 years later, Brown again attempts to appeal the district court's denial of his 2013 discovery motions. The time for a criminal appeal is generally 14 days, and the

time for a civil appeal is generally 30 days. K.S.A. 2016 Supp. 22-3608; K.S.A. 2016 Supp. 60-2103. Under either statute, we find that Brown has failed to file a timely notice of appeal from the 2013 rulings. Because the filing of a timely notice of appeal is jurisdictional, we conclude that we do not have appellate jurisdiction over the decision by the district court to deny Brown's 2013 discovery motions. See *State v. Moses*, 227 Kan. 400, 404, 607 P.2d 477 (1980).

*2015 Request for Transcripts*

We next address Brown's 2015 pro se motion for an order waiving transcript and record fees under K.S.A. 22-4506 and K.S.A. 22-4509. This court analyzes whether a defendant is entitled to free transcripts using an abuse of discretion standard. *State v. Brown*, 266 Kan. 563, 572, 973 P.2d 773 (1999). To the extent this issue requires statutory interpretation, our review is unlimited. See *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

The district court denied Brown's motion after this court issued its ruling in his direct appeal but before the mandate issued. In *State v. McCloud*, 257 Kan. 1, 891 P.2d 324 (1995), the Kansas Supreme Court held that when a transcript is provided to an indigent defendant's counsel, the indigent defendant is not entitled to an additional copy of the transcript. 251 Kan. at 17-18. Furthermore, while a defendant has the right to represent himself or herself or be represented by counsel, he or she does not have the right to hybrid representation. *State v. Holmes*, 278 Kan. 603, 620, 102 P.3d 406 (2004). Here, counsel—who had access to the transcripts and other parts of the record— represented Brown on appeal, and Brown has made no showing of a conflict of interest with his appellate attorney. Therefore, we conclude that the district court did not err in denying Brown's 2015 pro se motion for free transcripts and record.

4

*Motion to Correct Illegal Sentence*

Finally, we address Brown's pro se motion challenging the legality of his sentence. Although Brown's pro se supplemental brief is difficult to understand, his primary argument appears to be the district court impermissibly used his prior sex offenses to sentence him under the aggravated habitual sex offender statute, K.S.A. 2010 Supp. 21-4642 (now codified at K.S.A. 2016 Supp. 21-6626). That statute reads in relevant part:

"(a) An aggravated habitual sex offender shall be sentenced to imprisonment for life without the possibility of parole.

. . . .

"(c) As used in this section:

(1) 'Aggravated habitual sex offender' means a person who, on and after July 1, 2006: (A) Has been convicted in this state of a sexually violent crime, as described in paragraphs (3)(A) through (3)(J) or (3)(L); and (B) prior to the conviction of the felony under subparagraph (A), has been convicted of two or more sexually violent crimes.

(2) 'Sexually violent crime' means:

(A) Rape, K.S.A. 21-3502, and amendments thereto;

(B) indecent liberties with a child, K.S.A. 21-3503, and amendments thereto; . . . .

(F) indecent solicitation of a child, K.S.A. 21-3510, and amendments thereto."

Here, the record reflects that Brown was convicted in 1985 of two felony sex offenses. As this court determined in Brown's direct appeal, "the district court correctly used Brown's prior sex-related convictions from his criminal history to impose a sentence

5

of life without any possibility of parole for nine counts of rape (off-grid) and eight counts of aggravated human trafficking (off-grid)." Brown, 2015 WL 3555357, *6. Once the mandate was issued in Brown's direct appeal, it became the law of the case or res judicata. See *State v. Collier*, 263 Kan. 629, 635, 952 P.2d 1326 (1998). While an appellate court may disregard the law of the case doctrine or res judicata, Brown has come forward with no compelling reason for us to do so in this case. Thus, we conclude that the district court did not error in denying Brown's motion to correct illegal sentence.

Affirmed.