NOT DESIGNATED FOR PUBLICATION

No. 125,926

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM J. PEWENOFKIT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Submitted without oral argument. Opinion filed March 29, 2024. Reversed and restitution vacated.

*David L. Miller*, of The Law Office of David L. Miller, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before GREEN, P.J., HILL and CLINE, JJ.

PER CURIAM: After William J. Pewenofkit pleaded no contest to multiple crimes, the district court sentenced him to 221 months' imprisonment and orally imposed a "restitution requirement" that was later identified as a sexual assault kit and examination fee in the journal entry. Over three years after his direct appeal concluded, Pewenofkit moved to correct his illegal sentence and argued that the district court erred by imposing restitution for his crimes. The district court denied the motion, and Pewenofkit appealed. Pewenofkit renews his argument on appeal and persuasively argues that we have jurisdiction to consider his claim. We agree and conclude that the district court erred in

1

denying his motion. Because the sentencing court imposed restitution—rather than court costs or fees—from the bench without the authority to impose such restitution, we reverse and vacate the restitution order.

FACTS

In keeping with a plea agreement in November 2012, Pewenofkit pled no contest to four counts of kidnapping, one count of aggravated kidnapping, and one count of aggravated burglary. Pewenofkit's convictions were based on events committed with three additional men on March 16, 2011. Of relevance to this appeal, Pewenofkit admitted to breaking into a home and kidnapping multiple women and children alongside his three codefendants.

At sentencing, the district court determined that Pewenofkit's criminal history score was E and imposed a total of 221 months' imprisonment. The district court also notified Pewenofkit of his duty to register as a lifetime offender upon his release from imprisonment. At the end of sentencing, the State requested "a $1,450 restitution fee associated with this for the sexual assault exam kits of both women." Defense counsel objected to the State's request, arguing the amount should be waived for Pewenofkit because his codefendants were the "sex offenders" who had "been ordered to pay that jointly and severally." Ultimately, the district court imposed the "restitution requirement" and ordered "it be joint and several with the other codefendants" based on Pewenofkit's presence when the sexual assault actions were committed.

When the journal entry was filed later, it indicated the relevant $1,450 was a "Sexual Assault Kit/Exam Fee" that "shall be paid jointly and severally with co-defendants." The journal entry does not reflect a specific order of restitution.

2

This court summarily dismissed Pewenofkit's direct appeal based on his failure to preserve his constitutional challenge to his offender registration. See *State v. Pewenofkit*, No. 109,542, 2014 WL 3843080 (Kan. App. 2014) (unpublished opinion). Our Supreme Court accepted Pewenofkit's petition for review but summarily affirmed this court's decision to dismiss because he failed to properly challenge this court's rulings in his petition for review. *State v. Pewenofkit*, 307 Kan. 730, 731-32, 415 P.3d 398 (2018).

Over three years after our Supreme Court issued the mandate dismissing Pewenofkit's direct appeal, Pewenofkit filed a pro se motion to correct an illegal sentence under K.S.A. 22-3504. Among other claims, Pewenofkit argued that he was serving an illegal sentence because the order for him to pay $1,450 was a "restitution fee associated with two sexual assault exam kits" that arose from conduct outside the offenses or convictions for which he pled.

Soon after the State filed its response, the district court appointed an attorney to represent Pewenofkit on the motion. Defense counsel filed a supplemental document supporting Pewenofkit's motion and argued that Pewenofkit was serving an illegal sentence because the district court lacked a causal link between Pewenofkit's actions and "the restitution damages for which [he] is held liable."

After a hearing, the district court denied the entirety of Pewenofkit's motion to correct an illegal sentence. First, the district court noted that it was "doubtful" that a motion to correct an illegal sentence is an available avenue for relief because the fees challenge could have been raised in Pewenofkit's direct appeal. But upon reviewing the record and the statutes, the district court ruled that the $1,450 was a fee imposed by the court, not restitution. The district court refused to construe the amount as restitution and denied the motion.

Pewenofkit moved to reconsider the issue of whether he is serving an illegal sentence based on the lack of causality between his offenses and his restitution order. The district court held a hearing on this issue but noted it was "continuing to find that these were not restitution dollars, but rather were costs of the case." Nevertheless, Pewenofkit argued that the district court lacked causation to order the restitution, and his motion to correct an illegal sentence provides the legal authority to correct the order. The State argued that the amount is considered a fee, not restitution, under the applicable statute. And the State argued that the language regarding restitution, costs, and fees, is often conflated: "[T]he Court . . . at a prior hearing may have referred to it as restitution, . . . within these walls, we tend to use 'fees' and 'court costs' and 'restitution' all kind of somewhat interchangeably, and that may have been what happened here."

The district court agreed with the State and refused to change its ruling that the amount related to the rape kits "were fees or costs and not restitution." After Pewenofkit's counsel was unable to provide caselaw supporting his contention that the district court had jurisdiction to consider this claim in a motion to correct an illegal sentence, Pewenofkit's counsel argued that the $1,450 could be considered a clerical error that could be amended at any time under K.S.A. 22-3504(b). The district court was not persuaded by Pewenofkit's jurisdiction arguments and denied Pewenofkit's motion to reconsider.

Pewenofkit appeals.

ANALYSIS

*Did the district court err in denying Pewenofkit's motion to correct an illegal sentence and motion to reconsider?*

In his first issue on appeal, Pewenofkit contends that the district court erred when it denied his motion to correct an illegal sentence under K.S.A. 22-3504 because the

4

$1,450 sexual assault examination fee was part of his criminal sentence as restitution. And because he believes the $1,450 was restitution, he argues that the district court erred in finding it lacked jurisdiction to consider his challenge to the causal connection between his crimes and the amount he alleges was ordered as restitution. In his second issue, he repeats his argument in Issue I to contend that the district court erred when it denied his motion to reconsider. But he also alternatively argues that "the journal entry should be corrected to remove the erroneous fee . . . as the court was without discretion to impose such a fee."

In response, the State argues that the district court did not err when it denied both motions, contending that the district court lacked jurisdiction to consider Pewenofkit's claim because Pewenofkit cannot challenge the sexual assault examination fee in a motion to correct an illegal sentence. The State rejects Pewenofkit's contention that the fee was a clerical mistake and argues that Pewenofkit abandoned this claim when he failed to raise the issue on direct appeal.

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019). A sentence is illegal under K.S.A. 22-3504 when: (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provisions, either in character or the term of punishment; or (3) it is ambiguous about the time and manner in which it is to be served. *State v. Hambright*, 310 Kan. 408, 411, 447 P.3d 972 (2019).

A court may correct an illegal sentence at any time while the defendant is serving the sentence. K.S.A. 22-3504(a).

Preliminarily, it is worth addressing the State's brief attempt to argue Pewenofkit cannot bring this claim under K.S.A. 22-3504 because he did not raise the issue on direct

5

appeal. The State contends: "Res judicata applies to motions to correct illegal sentence, and defendant cannot breathe new life into the issue of the $1,450 'Sexual Assault Kit/Exam Fee' by trying to stretch K.S.A. 22-3504 to challenge the issue he previously abandoned."

But while Kansas appellate courts have applied the doctrine of res judicata to motions to correct an illegal sentence, our court has noted those cases "involve claims that previously were resolved on the merits or claims that would not render a sentence illegal, even if true." *State v. Martin*, 52 Kan. App. 2d 474, 481, 369 P.3d 959 (2016). Contrary to the State's argument, the *Martin* court stated: "[I]interpreting the doctrine of res judicata to bar challenges of an illegal sentence merely because they *could* have been brought in a direct appeal would undermine the clear statutory directive that courts may correct an illegal sentence at any time under K.S.A. 22-3504(1)." 52 Kan. App. 2d at 481.

To support its position, the *Martin* court relied on *State v. Neal*, 292 Kan. 625, 631, 258 P.3d 365 (2011), where our Supreme Court held that "the motion to correct illegal sentence is not subject to our general rule that a defendant must raise all available issues on direct appeal."

Based on *Neal* and *Martin*, we can consider Pewenofkit's claim under K.S.A. 22-3504, if he can show that his claim, if true, would render his sentence illegal. As this analysis will find, Pewenofkit's argument likely supports his claim that his sentence is illegal based on the sentencing court's restitution order. And just because he did not raise this issue in his direct appeal, the doctrine of res judicata does not bar consideration of Pewenofkit's claim.

That said, the illegal sentence statute has very limited applicability. See *State v. Alford*, 308 Kan. 1336, 1338, 429 P.3d 197 (2018). To overcome the limited applicability of K.S.A. 22-3504, Pewenofkit contends that the sentencing court imposed restitution as

part of his criminal sentence which did not conform to the applicable statutory provisions because it lacked a causal connection to his crimes. But of course, the majority of Pewenofkit's argument rests on his contention that the district court imposed $1,450 as restitution, not a fee under the statute, when it made its oral pronouncement from the bench. As he argues, a judge's oral pronouncement of a sentence controls over a conflicting written journal entry, and clerical errors in a journal entry may be corrected at any time. *State v. Edwards*, 309 Kan. 830, 835, 440 P.3d 557 (2019); see K.S.A. 22-3504(b) (clerical mistakes in judgments may be corrected by the court at any time). Thus, we must first determine whether the sentencing court imposed restitution or fees when it ordered Pewenofkit to pay $1,450 for the sexual assault exam kits.

*The sentencing court's oral pronouncement ordered restitution.*

At sentencing, the State requested a "$1,450 restitution fee associated with this for the sexual assault exam kits of both women." The district court agreed and made an oral pronouncement that it would "impose the restitution requirement for Mr. Pewenofkit and order that it be joint and several with the other codefendants." But when the journal entry was filed later, there was no restitution order and the $1,450 was identified as a "Sexual Assault Kit/Exam Fee." No documents in the record indicate whether the State and the district court were relying on any specific statute to request and order the $1,450 fee. And Pewenofkit did not challenge the imposition of the amount on direct appeal. See *Pewenofkit*, 307 Kan. at 730-32; *Pewenofkit*, 2014 WL 3843080, at *1-2.

Important to this analysis, Kansas courts have recognized the difference between restitution and court costs in a criminal case. See *State v. Gentry*, 310 Kan. 715, 737-38, 449 P.3d 429 (2019). The *Gentry* court explained restitution is controlled by K.S.A. 2018 Supp. 21-6604(b)(1), which provides "'the court shall order the defendant to pay restitution, which shall include, but not be limited to, damage or loss caused by the

7

defendant's crime, unless the court finds compelling circumstances which would render a plan of restitution unworkable.'" 310 Kan. at 737.

But court costs are governed by K.S.A. 22-3801 and K.S.A. 28-172a. 310 Kan. at 737. Under K.S.A. 22-3801, "[i]f the defendant in a criminal case is convicted, the court costs shall be taxed against the defendant and shall be a judgment against the defendant which may be enforced as judgments for payments of money in civil cases." And, notably, under K.S.A. 28-172a(d):

> "All other fees and expenses to be assessed as additional court costs shall be approved by the court, unless specifically fixed by statute. Additional fees shall include, but are not limited to, fees for Kansas bureau of investigation forensic or laboratory analyses, fees for detention facility processing pursuant to K.S.A. 12-16,119, and amendments thereto, *fees for the sexual assault evidence collection kit, fees for conducting an examination of a sexual assault victim*, fees for service of process outside the state, witness fees, fees for transcripts and depositions, costs from other courts, doctors' fees and examination and evaluation fees." (Emphasis added.)

At the hearing on Pewenofkit's motion to correct an illegal sentence, the State argued that "we are talking about fees and not restitution" and appeared to reference K.S.A. 28-172a(d) as the authority for the $1,450 the sentencing court ordered. The State concluded by arguing Pewenofkit should have to pay the amount "under the fee statute." When it made its findings, the district court found that it would agree with Pewenofkit "if this is a restitution issue." But because the district court found that the sentencing court intended to impose fees, not restitution, the district court ruled that it lacked jurisdiction to consider whether the fees were improper.

Critical to this analysis, and as argued by Pewenofkit, Kansas courts have long held that a sentencing court's oral pronouncement from the bench controls over a

8

conflicting journal entry because a criminal sentence is effective when pronouncement is made from the bench:

> "When the defendant appears for sentencing in a criminal case, the court may commit the defendant to the custody of the appropriate authority, impose a fine, grant probation, suspend the imposition of sentence, or impose any combination of those alternatives. Regardless of which of the alternatives the court selects, the judgment is effective upon its pronouncement from the bench; the filing of a formal journal entry is but a record, evidence of what has been done. *The court's order does not derive its effectiveness from the journal entry, or from any act of the clerk; it is effective when announced. The defendant is personally present, and thus knows that at that moment he or she has been sentenced, fined, or placed on probation, or that the imposition of sentence has been suspended*. [Citation omitted.]" (Emphasis added.) *State v. Moses*, 227 Kan. 400, 402-03, 607 P.2d 477 (1980).

See also *Abasolo v. State*, 284 Kan. 299, 304, 160 P.3d 471 (2007) ("This court has further explained that where the sentence announced from the bench differs from the sentence later described in the journal entry, the orally pronounced sentence controls.").

And notably, our Supreme Court has concluded that the intent of the sentencing court is irrelevant when a journal entry conflicts with a judge's oral pronouncement:

> "What the court may or may not have intended is irrelevant. The sentences as pronounced were effective upon their pronouncement and control over the journal entries herein. A journal entry which imposes a sentence at variance with that pronounced from the bench is erroneous and must be corrected to reflect the actual sentence imposed." *State v. Hegwood*, 256 Kan. 901, 906, 888 P.2d 856 (1995).

But in other situations, our Supreme Court has held that a sentencing court did not err in using the wrong verbiage if it was clear from the entirety of the sentencing proceedings that the sentencing court meant to say the correct words. For example,

recently in *State v. Hill*, 313 Kan. 1010, 1012, 492 P.3d 1190 (2021), our Supreme Court concluded that a sentencing court did not err when it used incorrect verbiage to sentence the defendant to a hard 50 sentence. At the sentencing hearing, the judge repeatedly referred to the sentence for capital murder as a term of "'life imprisonment without possibility of parole'" despite the parties consistently clarifying that the State was seeking a hard 50 sentence. 313 Kan. at 1012. And the journal entry of sentencing later reflected Hill was to serve a hard 50 sentence. On appeal, Hill argued that the district court imposed an illegal sentence based on its oral pronouncement of life without parole. But our Supreme Court was not persuaded. After reviewing the entirety of the sentencing hearing, the *Hill* court determined that it was "sufficiently clear to everyone present that Hill was to receive the mandatory hard 50 sentence and they acted accordingly." 313 Kan. at 1015. And "the meaning of the sentence pronounced from the bench is the sentence reflected in Hill's journal entry. There is ultimately no ambiguity and Hill is serving a legal sentence." 313 Kan. at 1016.

One year later in *State v. Juiliano*, 315 Kan. 76, 81-82, 504 P.3d 399 (2022), our Supreme Court relied on *Hill* to find a sentencing court did not impose an illegal sentence when it used the phrase "'hard 40 sentence of life without parole'" to impose a hard 40 sentence. Like in *Hill*, the *Juiliano* court reasoned that the entirety of the sentencing proceedings reflected the proper sentence:

> "Applying the principle from *Hill* to this case—i.e., evaluating the meaning of a sentence based on the context of the entire sentencing hearing—we find the district court imposed a hard 40 sentence. While the court could have used better wording, the context makes it clear the court ordered Juiliano to serve a hard 40 sentence. The State filed a motion specifically requesting a hard 40 sentence under K.S.A. 1996 Supp. 21-4638. Defense counsel responded, arguing that the hard 40 sentence should not apply in this case. At the sentencing hearing, before the parties' arguments, the court noted on the record that it had read through the State's hard 40 sentence motion and Juiliano's response. This readily establishes the court understood the State was seeking the hard 40

10

sentence as outlined in K.S.A. 1996 Supp. 21-4638. Throughout the hearing, the prosecutor and defense counsel repeatedly referred to the proposed sentence as the hard 40 sentence. The prosecutor also consistently asked the court to 'impose the hard 40' sentence. In making its finding, the court made clear it was granting the State's motion for the 'hard 40 sentence on the first degree premeditated murder case.' All of this came before the judge finally declared, 'The defendant will be sentenced . . . to the hard 40 sentence of life without parole.' We find no ambiguity in the sentence pronounced, which conformed to K.S.A. 1996 Supp. 21-4638." 315 Kan. at 81-82.

Here, the sentencing record does not provide the clarity that the record provided in *Hill* and *Juiliano*. Nothing in the record reflects that the State, or the district court, relied on any statutory authority to impose the $1,450 restitution or fee. And the record is silent on how the $1,450 figure was calculated. No party filed a document citing to the statutes, and no parties referenced the statutes at the hearing. And unlike *Hill* and *Juiliano*, the sentencing court's intent was not clear despite using the wrong turn of phrase.

The State argues that its request for a "'$1,450 *restitution fee* associated with this for the *sexual assault exam kits* of both women' . . . was plainly a reference to the fee required by K.S.A. 28-172a(d)" because the fee "had to be ordered on the record" under the statute. But this argument is not persuasive because our Supreme Court has determined that the district court is not required to impose such fees under K.S.A. 28-172a(d). In *State v. Alvarez*, 309 Kan. 203, 207-08, 432 P.3d 1015 (2019), our Supreme Court considered whether the "'shall'" language in the statutes authorizing court costs—K.S.A. 22-3801(a) and K.S.A. 28-172a—required sentencing courts to impose the relevant costs. The *Alvarez* court interpreted the plain language of K.S.A. 28-172a to find a district court is not required to tax a defendant for expenses and explained:

"The language in K.S.A. 2017 Supp. 28-172a indicates that docket fees and other costs that are specifically fixed by statute must be taxed against the defendant, but that other fees to be assessed as court costs need to be approved by the district court before they are taxed. This does not mean that the district court must tax a defendant for trial

11

preparation expenses, as the Court of Appeals concluded, but that those expenses must first bear a reasonable relation to the prosecution and then be approved by the district court before they are taxed as court costs.

"K.S.A. 22-3801 does state that 'court costs shall be taxed against the defendant,' which suggests that perhaps the taxing of court costs is mandatory. However, since K.S.A. 2017 Supp. 28-172a indicates that this is not the case, it becomes apparent that the 'shall' in K.S.A. 22-3801 is directory. See [*State v. *]*Raschke*, 289 Kan. [911,] 915-16[, 219 P.3d 481 (2009)] (noting that 'shall' in one statute was treated as directory 'because of the discretionary effect of other provisions')." 309 Kan. at 208.

Because the district court was not required to impose fees to cover the sexual assault exam expenses, the district court's use of "restitution requirement" does not provide the directional guidance that the State suggests.

In this vein, the State also argues that the sentencing court's use of the phrase "'restitution requirement'" is a reference to a fee because "[r]estitution is not *required* where unworkable [under K.S.A. 21-6604(b)(1)], whereas a fee or court cost must be paid even if a defendant is going to prison."

While the verbiage used by the State and the sentencing court may lend some support to the State's position, we must assume that the State was referencing K.S.A. 28-172a(d), or any statute, to find the journal entry properly reflected the district court's sentence. At the hearing on Pewenofkit's motion to reconsider, the State made a similar argument that required the district court to assume the intent of the State and the sentencing court during sentencing. The State recognized the sentencing court "may have referred to it as restitution" but argued that "sometimes we—within these walls, we tend to use 'fees' and 'court costs' and 'restitution' all kind of somewhat interchangeably, and that may have been what happened there." The State's argument similarly assumes all parties and the district court intended to impose a fee despite using the word "restitution" repeatedly.

12

But even if the district court had the statutory authority to award the fees under K.S.A. 28-172a(d), our Supreme Court has held that a sentencing court abused its discretion when it ordered restitution, rather than a statutory fee, when the sentencing court had the statutory authority to cover over $3,000 in witness and exhibit expenses. *Gentry*, 310 Kan. at 738. The *Gentry* court noted that the district court had the statutory authority to tax the expenses as court costs, such as here, but the judge specifically ordered the expense to be reimbursed as "'restitution'" in its oral pronouncements and sentencing order. 310 Kan. at 737-38. Despite the State's contention that "everyone understood that they were talking about court costs and not restitution," the *Gentry* court went on to hold that it "cannot simply ignore the district court's language; restitution and court costs are two different things." 310 Kan. at 738. And because the sentencing court specifically used the language "restitution," our Supreme Court held that the sentencing court made a legal error in imposing the witness expenses as restitution rather than a fee. 310 Kan. at 738.

Under *Gentry*, a sentencing court's improper restitution order cannot be converted into a proper order of fees under the relevant statutes. Put another way, an illegal order of restitution is not cured by the existence of some statutory authority which supports an order of fees. And given the distinct characteristics of restitution compared to the characteristics of fees and court costs—which the State repeatedly emphasizes throughout its brief—the State's argument contending that the sentencing court conflated the word "restitution" to mean "fee" at the hearing is not persuasive. As the *Gentry* court pointed out, this court cannot ignore the district court's language because "restitution and court costs are two different things." 310 Kan. at 738.

If the State and sentencing court wanted to impose a fee rather than restitution, then they should have used the proper verbiage. As noted, a court's order does not derive its effectiveness from the journal entry; it is effective when announced. *Moses*, 227 Kan. at 402-03. And importantly, Pewenofkit was personally present when the sentencing

13

court imposed "restitution" and thus knew that at that moment he had been ordered to pay restitution. He was not present, as required, when the district court imposed the fee identified in the journal entry, and so he was not aware that he had been ordered to pay a statutory fee. See K.S.A. 22-3405.

As a result, we determine that the district court made an oral pronouncement ordering Pewenofkit to pay $1,450 in restitution to cover the expense of the sexual assault exam kits. And because restitution is part of a criminal defendant's sentence, we have jurisdiction to consider whether Pewenofkit's restitution sentence conforms with the applicable statutory provisions, either in character or punishment, under K.S.A. 22-3504(c)(1). See *State v. Eubanks*, 316 Kan. 355, 361, 516 P.3d 116 (2022) (considering whether restitution order resulted in an illegal sentence under K.S.A. 22-3504 for first time on appeal); *Hambright*, 310 Kan. at 411 (considering illegal sentence challenge for first time on direct appeal).

*The district court erred in ordering Pewenofkit to pay restitution.*

Next, we must then decide whether the district court's restitution order created an illegal sentence. To argue his sentence is illegal, Pewenofkit argues that his restitution judgment does not conform to the applicable statutory provision in either character or punishment. See *Hambright*, 310 Kan. at 411.

Pewenofkit was sentenced on January 8, 2013. Under K.S.A. 21-6604(b)(1), "the court shall order the defendant to pay restitution, which shall include, but not be limited to, damage or loss caused by the defendant's crime . . . unless . . . the court finds compelling circumstances that would render restitution unworkable."

In *Gentry*, our Supreme Court relied on an unpublished opinion by this court for the proposition that the State could not collect restitution for expenses related to

witnesses and trial exhibits because the State "was not a victim of the defendant's crime." *Gentry*, 310 Kan. at 737 (citing *State v. Harley*, No. 93,349, 2005 WL 2665768, at *2 [Kan. App. 2005] [unpublished opinion]). The *Gentry* court did not opine on the correctness of this proposition but nevertheless relied on the proposition to find the district court lacked authority to order restitution—rather than fees—to collect the witness and trial exhibit expenses. The *Gentry* court reasoned:

> "We cannot simply ignore the district court's language; restitution and costs are two different things. As previously mentioned, restitution is controlled by K.S.A. 2018 Supp. 21-6604 and court costs are subject to K.S.A. 22-3801 and K.S.A. 2018 Supp. 28-172a. When a defendant is incarcerated, restitution is due upon sentencing only if the court orders a certain amount of money be withheld from the defendant's monthly prison account. Otherwise, restitution orders at sentencing are advisory calculations of damages for the Prisoner Review Board, which can impose restitution upon the defendant's parole. *State v. Alderson*, 299 Kan. 148, 151, 322 P.3d 364 (2014). The taxation of court costs are not viewed in the same way. See *State v. Douglas*, 47 Kan. App. 2d 734, 742, 279 P.3d 133 (2012) (noting that, unlike restitution, court must order a convicted defendant to pay court costs even if defendant is going to prison)." 310 Kan. at 738.

Here, like in *Gentry*, the State argues that reimbursement of the sexual assault exams should be considered an order for fees under K.S.A. 28-172a(d) because that provision allows for the collection of fees for such purpose. See K.S.A. 28-172a(d) ("All other fees and expenses to be assessed as additional court costs shall be approved by the court . . . includ[ing] . . . fees for the sexual assault evidence collection kit, fees for conducting an examination of a sexual assault victim . . . ."). In *Alvarez*, 309 Kan. at 205-07, our Supreme Court interpreted the same provision, along with K.S.A. 22-3801, to hold that expenses for photographic trial exhibits can be classified as court costs. The *Gentry* court relied on the reasoning in *Alvarez* to find the district court abused its discretion when it ordered restitution, rather than fees, to cover witness and exhibit expenses. 310 Kan. at 737-38.

15

Under *Gentry* and *Harley*, we hold that the sentencing court erred when it ordered Pewenofkit to pay for the sexual assault examinations through a restitution order. Like the type of fees in *Gentry*, the fees here could have been collected under K.S.A. 28-172a(d). But it would be improper for the district court to collect such fees as restitution because the State "was not a victim of the defendant's crime." *Gentry*, 310 Kan. at 737. While there is nothing in the record that explicitly states the $1,450 was collected by the State to recoup the sexual assault exam expenses, there is also nothing in the record to suggest otherwise. No evidence was presented to suggest restitution was being used to reimburse the victims for the cost of the exam.

This conclusion seems appropriate given the lack of restitution hearing and evidence presented. Typically, the standard for reviewing restitution orders depends on which aspect of restitution is at issue:

> "Issues regarding the amount of restitution and the manner in which it is made to the aggrieved party are normally subject to review under an abuse of discretion standard. A district judge's factual findings underlying the causal link between the crime and the victim's loss are subject to a substantial competent evidence standard of review. And this court has unlimited review over interpretation of statutes. [Citations omitted.]" *State v. Hand*, 297 Kan. 734, 736-37, 304 P.3d 1234 (2013).

In *Gentry*, our Supreme Court reviewed the restitution issue for an abuse of discretion based on a challenge to the amount of restitution awarded. 310 Kan. at 737.

> "A district court abuses its discretion when: (1) no reasonable person would take the view adopted by the trial judge; (2) a ruling is based on an error of law; or (3) substantial competent evidence does not support a finding of fact on which the exercise of discretion is based. [Citation omitted.]" 310 Kan. at 737.

16

The *Gentry* court concluded that the district court abused its discretion because it made an error of law. 310 Kan. at 738.

The court's reasoning in *Gentry* is applicable here. We are not able to review the district court's factual findings underlying the causal link between the crime and the victim's loss for substantial competent evidence because no such factors were identified by any party. No victim loss was identified, and no evidence was presented to establish any sort of causal link between Pewenofkit's crime and the sexual assault exam kits. Thus, like in *Gentry*, we conclude that the district court here made a legal error when it included $1,450 for sexual assault exam expenses as a restitution order. Because the order was based on a legal error, it was an abuse of discretion, and we vacate the restitution order. See *Gentry*, 310 Kan. at 738 (vacating restitution order).

Reversed and restitution vacated.