IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 109,542

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM PEWENOFKIT,
*Appellant.*

SYLLABUS BY THE COURT

1.

A party must allege an issue was decided erroneously by the Court of Appeals for the issue to be properly before the Supreme Court on petition for review. Supreme Court Rule 8.03(h)(1) (2018 Kan. S. Ct. R. 53).

2.

A failure to support an argument with pertinent authority or to show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief an issue. Therefore, an argument that is not supported with pertinent authority is deemed waived and abandoned. Further, a point raised incidentally in a brief and not argued therein is also deemed abandoned.

Review of the judgment of the Court of Appeals in an unpublished opinion filed August 1, 2014. Appeal from Sedgwick District Court; BENJAMIN L. BURGESS, judge. Opinion filed April 13, 2018. Judgment of the Court of Appeals dismissing the appeal is affirmed.

*Rachel L. Pickering, Kimberly Streit Vogelsberg*, and *Joanna Labastida*, of Kansas Appellate Defender Office, were on the briefs for appellant.

1

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BILES, J.: In 2012, William Pewenofkit pleaded no contest to kidnapping, aggravated kidnapping, and aggravated burglary for crimes occurring in March 2011. At the time of his crimes, the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq., required 10 years' registration. But between the crimes and his plea, statutory amendments enlarged this to lifetime registration. On appeal, Pewenofkit argued for the first time his lifetime registration violated the Ex Post Facto Clause of the United States Constitution.

The Court of Appeals' panel sua sponte dismissed the appeal because Pewenofkit failed to show how his new arguments fell within any recognized exception to the general rule that "issues not raised before the district court cannot be raised on appeal." *State v. Pewenofkit*, No. 109,542, 2014 WL 3843080, at *1 (Kan. App. 2014) (unpublished opinion). The panel noted Supreme Court Rule 6.02(a)(5) (2013 Kan. Ct. R. Annot. 39) required an appellant to explain why an issue not raised with the district court should be considered for the first time on appeal, citing *State v. Breeden*, 297 Kan. 567, 574, 304 P.3d 660 (2013). 2014 WL 3843080, at *1. Finally, the panel held Pewenofkit's arguments involved both factual and legal questions, and observed the record on appeal was devoid of any attempt by Pewenofkit to establish the punitive effect or negative consequences he suffered because of registration—a critical part of the ex post facto claim. 2014 WL 3843080, at *2.

2

Pewenofkit sought our review, which we granted. Jurisdiction is proper. See *State v. Rocheleau*, 307 Kan. __, __ P.3d __ (No. 110,243, this day decided), slip op. at 6-7; *State v. Marinelli*, 307 Kan. __, __ P.3d __ (No. 111,227, this day decided), slip op. at 26.

THE FAILURE TO CHALLENGE THE PANEL'S DECISION

When mentioning the panel's holding in his petition for review, Pewenofkit states only that he "addressed reviewability in his brief." No other effort was made to challenge the panel's reasons for dismissing his appeal. This court has held that a party must challenge on petition for review a dispositive procedural holding of the Court of Appeals. *State v. Allen*, 293 Kan. 793, Syl. ¶ 3, 268 P.3d 1198 (2012); see also Supreme Court Rule 8.03(h)(1) (2018 Kan. S. Ct. R. 53) (a party must allege an issue was decided erroneously by the Court of Appeals for the issue to be properly before the Supreme Court on petition for review).

Even if we were to generously construe Pewenofkit's petition for review to suggest error, his supplemental briefing fails to explain why the panel erred. See *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 645, 294 P.3d 287 (2013) (failure to support an argument with pertinent authority or to show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue).

The panel expressly held that Pewenofkit's merits arguments could not be raised for the first time on appeal because they involved both factual and legal matters. The panel went on to note the record on appeal failed to provide any factual basis upon which to analyze his ex post facto claims on appeal. *Pewenofkit*, 2014 WL 3843080, at *2. Pewenofkit did not challenge these holdings as error in the petition for review. In fact, he did not mention them.

3

We hold the petition for review fails to challenge the panel's rulings upon which dismissal was based. Accordingly, we affirm.

STEGALL, J., not participating.

MICHAEL J. MALONE, Senior Judge, assigned.[1]

---

[1] **REPORTER'S NOTE:** Senior Judge Malone was appointed to hear case No. 109,542 vice Justice Stegall under the authority vested in the Supreme Court by K.S.A. 20-2616.