NOT DESIGNATED FOR PUBLICATION

No. 118,600

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CORKY WILLIAMS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed December 7, 2018. Appeal dismissed.

*Jennifer Chaffee*, of Free State Law, of Perry, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., STANDRIDGE, J., and WALKER, S.J.

PER CURIAM: Corky Williams appeals from the district court's decision to deny him permission to file an untimely appeal following the court's summary denial of his K.S.A. 60-1507 motion. Upon our review, we conclude that we lack jurisdiction to consider Williams' appeal. Accordingly, the appeal is dismissed.

FACTS AND PROCEDURAL HISTORY

In 2009, a jury found Williams guilty of first-degree murder, conspiracy to commit first-degree murder, and criminal possession of a firearm. The district court imposed a

1

hard 25 life sentence for Williams' first-degree murder conviction; a 194-month term of imprisonment for the conspiracy conviction, to run consecutive to the life sentence; and an 8-month term of imprisonment for the criminal possession of a firearm conviction, to run concurrent with the other sentences. Our Supreme Court affirmed Williams' convictions on direct appeal. *State v. Williams*, 299 Kan. 509, 324 P.3d 1078 (2014).

On May 19, 2015, Williams filed a pro se K.S.A. 60-1507 motion alleging numerous trial errors and claims of ineffective assistance of trial and appellate counsel. Without holding a hearing, the district court filed a 25-page written memorandum decision and order on June 23, 2016, which denied Williams' claims for relief. The certificate of service indicated that the court's administrative assistant mailed the order to Williams at his Lansing prison address that same day.

Over six months later, on January 5, 2017, Williams mailed a letter to the district court asking if the court had appointed counsel to represent him in his 60-1507 case and, if not, to do so. On January 13, 2017, the district court filed an order appointing the appellate public defender to represent Williams on appeal of his 60-1507 case.

On March 19, 2017, Williams' counsel filed a "Motion to Appeal Out of Time." In the motion, counsel alleged that Williams had not been notified of the district court's order denying his 60-1507 motion and that Williams had requested counsel once he learned of the court's ruling. As a result, counsel argued that Williams should be allowed to file an untimely appeal based on one of the exceptions set forth in *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982). In response, the State argued that the *Ortiz* exceptions applied only in criminal cases and were inapplicable in K.S.A. 60-1507 proceedings.

The district court held a hearing and, after hearing arguments from counsel, denied Williams' motion to appeal out of time. Relying on *Guillory v. State*, 285 Kan. 223, Syl. ¶ 3, 170 P.3d 403 (2007), the district court agreed with the State that the *Ortiz* exceptions

2

were not applicable when a pro se defendant filed an untimely appeal from the summary denial of a K.S.A. 60-1507 motion.

ANALYSIS

The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. See *Wiechman v. Huddleston*, 304 Kan. 80, 86-88, 370 P.3d 1194 (2016). Whether jurisdiction exists and whether an appellate court will recognize an exception to the requirement of filing a timely notice of appeal are questions of law subject to unlimited review. *Albright v. State*, 292 Kan. 193, 197, 251 P.3d 52 (2011).

A district court has three options when handling a K.S.A. 2017 Supp. 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

Here, the district court chose the first option. Regardless of which option a district court selects, a K.S.A. 60-1507 motion is a civil proceeding and is governed by the rules of civil procedure. Supreme Court Rule 183(a)(2) (2018 Kan. S. Ct. R. 223). Under K.S.A. 2017 Supp. 60-2103(a), a party has 30 days from the entry of judgment to file a civil appeal.

The parties do not dispute that Williams filed his appeal more than 30 days after the district court entered judgment on his K.S.A. 60-1507 motion. Because Williams' appeal is untimely, we generally would not have jurisdiction to consider his appeal. See *Albright*, 292 Kan. at 197 (failure to file timely notice of appeal generally requires dismissal of appeal). Williams argued below that he should be allowed to file an untimely appeal based on one of the exceptions set forth in *Ortiz* because he had not been notified of the district court's order denying his 60-1507 motion. Under the *Ortiz* exceptions, an indigent defendant may file a direct criminal appeal out of time in those cases where the defendant was either:  (1) not informed of the right to appeal, (2) was not furnished an attorney to perfect an appeal, or (3) was furnished an attorney for that purpose who failed to perfect and complete an appeal. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). But the district court properly rejected Williams' argument because the *Ortiz* exceptions do not apply where a defendant files an untimely appeal from the denial of a K.S.A. 60-1507 motion. See *Albright*, 292 Kan. at 201; *Guillory*, 285 Kan. 223, Syl. ¶ 3.

Notwithstanding his untimely appeal, Williams argues we should consider his claims because his failure to timely file his appeal was "a direct result of pro se deficient counsel." Under *Albright*, courts may allow a K.S.A. 60-1507 movant to file an appeal out of time if the failure to file a timely notice was due to ineffective assistance of counsel. 292 Kan. 193, Syl. ¶ 5; see *Brown v. State*, 278 Kan. 481, 484-85, 101 P.3d 1201 (2004) (untimely appeal allowed where counsel's failure to notify movant of adverse decision in postconviction proceeding and of right to appeal that decision resulted in denial of movant's statutory right to effective assistance of counsel). We are not persuaded by Williams' argument. In this case, Williams appeared pro se during the litigation of his 60-1507 motion and the district court summarily denied the motion without appointing counsel. "There is no statutory right to counsel at the district court level stage for indigent K.S.A. 60-1507 movants until they meet the threshold showing of substantial legal issues or triable issues of fact." *Guillory*, 285 Kan. at 228. The district court held Williams was not entitled to representation at the trial court level because he

failed to raise a substantial issue of fact or law in his motion. See K.S.A. 22-4506(b); *Guillory*, 285 Kan. at 228. Because Williams was not represented by counsel until well after the deadline to file a notice of appeal had passed, the failure to timely file a notice of appeal was not due to counsel's error. To the extent that Williams suggests his pro se representation of himself constituted ineffective assistance of counsel, he cites no authority for the existence of such a claim. See *State v. Holmes*, 278 Kan. 603, 620, 102 P.3d 406 (2004) (party has right to self-representation *or* to be represented by counsel). Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue. *State v. Pewenofkit*, 307 Kan. 730, 731, 415 P.3d 398 (2018). And it is well settled that "a pro se K.S.A. 60-1507 movant is in the same position as all other pro se civil litigants and is required to be aware of and follow the rules of procedure that apply to all civil litigants, pro se or represented by counsel." *Guillory*, 285 Kan. at 229. As a pro se litigant, Williams was expected to be aware of the 30-day time limitation for filing his notice of appeal.

The district court correctly found that none of the *Ortiz* exceptions excused Williams' late filing and we find he cannot rely on ineffective assistance of counsel to save his appeal. As a result, we are without jurisdiction to consider Williams' appeal.

Appeal dismissed.