NOT DESIGNATED FOR PUBLICATION

No. 118,581

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RONALD K. PACK,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER JR., judge. Opinion filed January 25, 2019. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., HILL and SCHROEDER, JJ.

PER CURIAM: Ronald K. Pack appeals the denial of his K.S.A. 2017 Supp. 60-1507 motion. He raises 20 separate issues of ineffective assistance of counsel, jury instruction errors, and prosecutorial errors. But we find Pack's arguments are improperly briefed and thus abandoned. We affirm.

A jury convicted Pack of two counts of rape. The district court sentenced him to 2 concurrent life sentences without the possibility of parole for 25 years. Pack appealed,

and a panel of this court affirmed in *State v. Pack*, No. 110,467, 2015 WL 1513974 (Kan. App. 2015) (unpublished opinion).

Pack timely filed a K.S.A. 2017 Supp. 60-1507 motion raising more than 20 claims of ineffective assistance of counsel, 4 claims of jury instruction error, and 7 claims of prosecutorial error. The district court appointed counsel. The State responded to Pack's 60-1507 motion, and the district court denied relief after a preliminary hearing.

On appeal, Pack argues the district court erred when it denied his 60-1507 motion. A district court has three options when handling a K.S.A. 2017 Supp. 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

The standard of review depends on which of these options a district court uses. 300 Kan. at 881. When, as here, the district court denies a 60-1507 motion based only on the motions, files, and records after a preliminary hearing, the appellate court is in just as good a position as the district court to consider the merits. Therefore, the standard of review is de novo. *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014).

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) that the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, i.e., that there is a reasonable probability the jury would have reached a different result absent the deficient performance. *Sola-Morales*,

2

300 Kan. at 882 (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]).

On appeal, Pack raises 20 claims of ineffective assistance of trial counsel. However, except for references to the standard of review and the *Strickland* ineffective assistance of counsel test, Pack cites no authority suggesting the district court erred in denying his 60-1507 motion. Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue. *State v. Pewenofkit*, 307 Kan. 730, 731, 415 P.3d 398 (2018). Because Pack cites no authority and does not explain how the district court erred, we find he has abandoned these issues.

Next, Pack argues several allegedly improper jury instructions violated his rights to due process and an impartial jury. The district court found: "Claims of error concerning instructions given or not given by the Court must generally be asserted via direct appeal unless exceptional circumstances are show[n]. Here, Mr. Pack sets forth no such circumstances." Although he acknowledges the district court's finding that he failed to show exceptional circumstances, Pack does not explain how the district court erred by finding he should have raised these issues on direct appeal. A point raised incidentally in a brief and not argued therein is also deemed abandoned. *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015). Pack has not shown an exceptional circumstance. These issues should have been raised on direct appeal. As a result, the district court did not err when it denied these claims.

Finally, Pack alleges several claims of prosecutorial error. He acknowledges the district court found claims of prosecutorial error must generally be asserted on direct appeal unless exceptional circumstances are shown and that he failed to set forth exceptional circumstances. However, citing *Rowland v. State*, 289 Kan. 1076, 1087, 219

P.3d 1212 (2009), he contends ineffective assistance of counsel qualifies as an exceptional circumstance. Thus, we will consider these issues.

Pack contends the prosecutor erred by using "false testimony" of a minor and asserts the prosecutor's comments were outside the "wide latitude allowed in discussing the evidence because the allegations against him were made up out of revenge and E.F.'s testimony was rehearsed and memorized." He also contends the prosecutor violated his right to a fair trial because his convictions were multiplicitous. He argues the prosecutor's comments were outside the wide latitude allowed in discussing the evidence because the prosecutor did not establish a timeline of the crimes. Pack also alleges the prosecutor erred by using leading questions to question the alleged victim's mother, and the prosecutor erred "by using insufficient evidence to gain an illegal conviction."

However, Pack provides neither factual nor legal support for his allegations. Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue. *Pewenofkit*, 307 Kan. at 731. Similarly, points raised incidentally in a brief and not argued therein are also deemed abandoned. *Sprague*, 303 Kan. at 425. Pack has abandoned his claims of prosecutorial error.

Although Pack filed a 42-page brief, he cites no authority suggesting the district court erred in denying his 60-1507 motion. In addition, Pack has failed to provide factual support for his allegations.

Affirmed.