NOT DESIGNATED FOR PUBLICATION

No. 119,404

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

FRANCOIS WILLIAMS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM S. WOOLLEY, judge. Opinion filed May 17, 2019. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before STANDRIDGE, P.J., GARDNER, J., and WALKER, S.J.


PER CURIAM: Francois Williams appeals from the district court's finding that he violated his probation by possessing drug paraphernalia and committing domestic violence and, consequently, revoking his probation. Finding no error, we affirm.

1

Williams pled guilty to robbery in 2012, and the district court granted him a downward dispositional departure resulting in 36 months' probation with an underlying 55-month prison term.

In November 2014, the district court found Williams violated his probation and ordered two 48-hour quick dips. In a new case in 2015, Williams pleaded guilty to an amended charge of misdemeanor possession of marijuana, was sentenced to 12 months in jail, and placed on probation for a term of 12 months. In March 2016, the district court found Williams violated his probation for the 2012 conviction by committing domestic battery and possessing Lortab (an opiate) and extended his probation for 12 months in addition to a three-day quick dip. Between December 2016 and September 2017, police arrested Williams multiple times for probation violations, larceny, domestic violence, burglary, possession of marijuana, possession of drug paraphernalia, expired tags, and driving while suspended. The State moved to revoke Williams' probation in August 2017.

At the revocation hearing, the district court heard testimony from the police officer who arrested Williams for expired tags, driving while suspended, possession of marijuana, and possession of drug paraphernalia. The officer testified to pulling Williams over for expired tags and smelling a strong odor of unburned marijuana emanating from the car following the stop. The officer discovered that Williams did not have a valid driver's license. During a subsequent search of Williams' vehicle, the officer found a digital scale with marijuana residue in the front passenger area and 25 grams of marijuana underneath a car seat in the back of the vehicle.

Also at the revocation hearing, the district court heard testimony from K.W., the victim in the domestic violence complaints and mother of Williams' child. K.W. testified that Williams physically abused her and violated a no-contact order. The journal entry for

probation violation includes references to police reports, but there is no indications of new charges being filed for domestic abuse.

After hearing the evidence, the district court found that Williams committed multiple violations of his probation conditions, including commission of battery/domestic violence, assaultive behavior, violating a no-contact order, and failing to obey multiple laws. The court specifically found K.W.'s testimony under oath credible and found the State had met the burden of proof to show that Williams had engaged in domestic violence and battery. The district court also found Williams possessed drug paraphernalia but not marijuana. The district court ultimately revoked Williams' probation and committed him to serve his underlying prison sentence. Williams has timely appealed the revocation.

ANALYSIS

On appeal, Williams argues the State presented insufficient evidence to find he committed probation violations and accordingly abused its discretion in revoking his probation.

The decision to revoke probation rests in the sound discretion of the district court when there is evidence to support a probation violation. To sustain an order revoking probation on the ground of a probation violation, the commission of the violation must be established by a preponderance of the evidence. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A preponderance of the evidence is established when the evidence demonstrates a fact is more probably true than not true. *State v. Lloyd*, 52 Kan. App. 2d 780, Syl. ¶ 2, 375 P.3d 1013 (2016).

We review the district court's decision to revoke probation for an abuse of discretion. See *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015). A

judicial action constitutes an abuse of discretion if: (1) no reasonable person would take the view adopted by the trial court, (2) it is based on an error of law, or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting an abuse of discretion bears the burden of establishing it. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

At the outset, it is important to note that during the probation violation hearing Williams admitted to violating his probation by violating the no-contact order and driving without a valid license. But aside from these admissions, Williams alleges the district court erred in finding the additional two violations of his probation: that he engaged in domestic violence and possessed drug paraphernalia. He argues the district court abused its discretion when it based his probation revocation on these.

As mentioned earlier, the district court found Williams possessed the paraphernalia but not the marijuana itself, and Williams argues this inconsistency in itself constitutes an abuse of discretion by the district court. The paraphernalia in question is a digital scale with marijuana residue on it, which police found underneath the passenger seat of the car Williams was driving. The 25 grams of marijuana were found in the back of the vehicle inside a child's car seat. Williams speculates the court believed he lacked knowledge of the marijuana, which rendered him unable to possess it, and he asserts this created an unreasonable inconsistency in ruling he had knowledge of the marijuana scale.

Possession is defined as having control over a place or thing with knowledge of and the intent to have such control. It may be immediate and exclusive, jointly held with another, or constructive as where the item is kept by the accused in a place to which he has some measure of access and right of control. *State v. Beaver*, 41 Kan. App. 2d 124, 129, 200 P.3d 490 (2009). Constructive possession may be proven by circumstantial evidence. 41 Kan. App. 2d at 129 (citing *State v. Anthony*, 242 Kan. 493, 502, 749 P.2d 37 [1988]). A verdict may be supported by circumstantial evidence if such evidence

4

provides a basis for a reasonable inference by the fact-finder regarding the fact in issue. Circumstantial evidence, in order to be sufficient, need not exclude every other reasonable conclusion. *State v. Logsdon*, 304 Kan. 3, 25, 371 P.3d 836 (2016). Substantial evidence refers to legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *State v. Talkington*, 301 Kan. 453, 461, 345 P.3d 258 (2015).

The district court heard substantial evidence from the testimony of the police officer to find Williams at least constructively possessed marijuana paraphernalia. After pulling Williams over at night for expired tags, a police officer smelled a strong odor indicating fresh marijuana as opposed to burned marijuana. The car's registration, although expired, indicated it had been registered to Williams. The officer described finding a digital scale with visible marijuana residue on it underneath the occupied passenger seat of the car Williams was driving. The officer testified that the scale qualified as marijuana paraphernalia because it was used for weighing marijuana either for distribution purposes or when buying marijuana from somebody. The proximity of Williams to the scale while driving, the vehicle being registered to him, the odor of marijuana, and the visible residue on the scale indicating recent use all make it more probable than not that he constructively possessed the marijuana paraphernalia.

The inconsistency in the district court's not finding Williams possessed the marijuana found in the back of the vehicle underneath the car seat may be reasonably explained by the relative proximity and accessibility of it to Williams while he was driving the car. The marijuana and paraphernalia were found in different locations in the car, and the district court explicitly made this distinction in its ruling. Therefore, the district court did not arbitrarily distinguish between the two but made careful and reasonable distinctions in its findings. We detect no abuse of discretion in the separate findings the district court made on the drug paraphernalia and the marijuana itself.

5

Williams also alleges the district court erred in finding a preponderance of the evidence supported the allegation he committed domestic battery and engaged in assaultive behavior. He argues that K.W.'s testimony about the events was insufficient for the district court to reach its conclusions. Williams alleges the district court unreasonably overlooked potentially fabricated police reports, recanted accusations, attempts to assert his rights under the Fifth Amendment to the United States Constitution, and inconsistent testimony in making its findings. Williams claims this amounts to an abuse of discretion.

In response to Williams' contentions, the State correctly argues his claims on appeal are an invitation for this court to reweigh evidence and the credibility of the witnesses. "'Appellate courts do not reweigh evidence, resolve evidentiary conflicts, or make witness credibility determinations.' [Citation omitted.]" *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018). Asking us to deem as unreasonable the district court's finding that K.W.'s testimony was credible constitutes an attempt to get us to make a determination on witness credibility; something we cannot and will not do. Moreover, the district court expressly took K.W.'s credibility into consideration when making its finding. Williams' appeal neither cites to the record nor any law which supports his contentions against K.W.'s credibility and his attempts to get us to reweigh her credibility. A failure to support an argument with pertinent authority is akin to failing to brief the issue. *State v. Pewenofkit*, 307 Kan. 730, 731, 415 P.3d 398 (2018). We conclude that the district court did not abuse its discretion in finding K.W.'s testimony credible in making its finding that Williams violated his probation.

Moreover, Williams' arguments in his brief totally ignore the fact he admitted to the district court he had driven without a valid license and had violated a protective order by contacting K.W. Thus, even if we were to completely disregard the district court's findings concerning possession of drug paraphernalia and domestic battery by Williams, there was ample evidence of violations that were conceded by Williams which justified the district court in revoking his probation.

6

Affirmed.