NOT DESIGNATED FOR PUBLICATION

Nos. 119,407
119,408
119,409
119,410

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES ROBERT HAY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed May 31, 2019. Affirmed in part and dismissed in part.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Amy E. Norton*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., GREEN and ATCHESON, JJ.

PER CURIAM: In this consolidated appeal, James Robert Hay argues that the district court abused its discretion in denying his motion for a downward dispositional departure. Hay asserts that the public interest would best be served if he were granted probation to address his addiction issues, which drove him to commit his offenses. But to the extent we have jurisdiction, we find no abuse of discretion in Hay's sentences.

Hay pleaded no contest in four cases to 27 different counts of primarily forgery and theft crimes. He committed these offenses while on felony probation in another case. Hay's plea agreement did not include any agreement about disposition. Hay filed a motion for a downward dispositional departure.

At sentencing, Hay did not object to his criminal history score of C or to the applicability of special rule 9 under K.S.A. 2018 Supp. 21-6604(f)(1). But Hay argued that he should be granted a dispositional departure to probation because he needed drug treatment, he had accepted responsibility for his crimes, and he had a supportive family to help keep him out of trouble. The district court denied Hay's motion for a downward departure and invoked special sentencing rule 9. The district court imposed the standard guidelines sentence for each felony offense and ordered him to serve a total of 64 months in prison.

Hay timely appeals the district court's sentencing decision, arguing the district court abused its discretion by denying his motion for a downward departure because it goes against public policy and legislative intent.

*We lack jurisdiction to review Hay's presumptive sentence.*

First, we address the State's claim that we lack jurisdiction to consider Hay's appeal. Hay does not address whether he received a presumptive sentence but acknowledges K.S.A. 2018 Supp. 21-6820(c).

Under K.S.A. 2018 Supp. 21-6820(c)(1), we lack jurisdiction to review any sentence within the presumptive sentencing range for the offense. See *State v. Huerta*, 291 Kan. 831, 837, 247 P.3d 1043 (2011). Hay's sentence for the felony offenses was presumptive probation. But a special rule applied, giving the trial court discretion to

2

impose a prison sentence even though a presumptive nonprison sentence applied. See K.S.A. 2018 Supp. 21-6604(f)(1).

That rule gives the district court discretion to impose a prison sentence for the commission of a new felony while a defendant is on felony probation, even if the sentencing guidelines indicate that the new felony falls within the presumptive probation range:

> "When a new felony is committed . . . while the offender is on probation . . . for a felony, a new sentence shall be imposed consecutively pursuant to the provisions of K.S.A. 2018 Supp. 21-6606, and amendments thereto, and the court may sentence the offender to imprisonment for the new conviction, even when the new crime of conviction otherwise presumes a nonprison sentence. In this event, imposition of a prison sentence for the new crime does not constitute a departure." K.S.A. 2018 Supp. 21-6604(f)(1).

As the statute's plain language states, the imposition of a prison sentence for a presumed nonprison crime committed while on felony probation is not a departure sentence. K.S.A. 2018 Supp. 21-6604(f)(1). If a sentence does not constitute a departure, it is a presumptive sentence. *State v. Dean*, 273 Kan. 929, 935, 46 P.3d 1130 (2002); *State v. Lindsey*, No. 108,384, 2014 WL 643097, at *1 (Kan. 2014) (unpublished opinion).

Such is the case here. Hay was on felony probation when he was convicted of and then sentenced for the commission of new felony offenses. Under K.S.A. 2018 Supp. 21-6604(f)(1), the trial court acted within its discretion in sentencing Hay to prison. The imposition of his sentences did not constitute a departure and was, therefore, a presumptive sentence. We lack jurisdiction to review any sentence within the presumptive sentencing range for the offense. See K.S.A. 2018 Supp. 21-6820(c)(1); *Huerta*, 291 Kan. at 837; *State v. Shobe*, No. 118,566, 2018 WL 6424984, at *1-2 (Kan. App. 2018) (unpublished opinion).

3

*The district court did not abuse its discretion in sentencing Hay.*

We, do, however, have jurisdiction to review Hay's sentences for his misdemeanor offenses. Generally, a criminal sentence that is within the statutory limits will not be disturbed on appeal absent a showing of abuse of discretion or vindictiveness on the part of the sentencing court. *State v. Cooper*, 275 Kan. 823, 827, 69 P.3d 559 (2003). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Robinson*, 303 Kan. 11, 90, 363 P.3d 875 (2015).

Hay does not argue that the district court's decision was vindictive. And although Hay argues that public policy and legislative intent support a nonprison sentence, he fails to support his argument with any pertinent authority or show why it is sound despite a lack of supporting authority. This is akin to failing to adequately brief the issue. See *State v. Pewenofkit*, 307 Kan. 730, 731, 415 P.3d 398 (2018).

Hay fails to show how the district court abused its discretion. Hay was sentenced to 12 months for each of his six misdemeanor theft by deception offenses. Those sentences were within the statutory limits for the crimes. See K.S.A. 2018 Supp. 21-5801(a)(2), (b)(4); K.S.A. 2018 Supp. 21-6602(a)(1). And the sentences were reasonable in light of the number of offenses Hay committed. Despite Hay's assertions that he should have received a downward departure because he needed drug treatment, had accepted responsibility for his crimes, and had a supportive family to help keep him out of trouble, a reasonable person could agree with the district court's decision. The district court's sentences were not arbitrary, fanciful, unreasonable, or based on an error of fact or law.

Affirmed in part and dismissed in part.