NOT DESIGNATED FOR PUBLICATION

No. 117,751

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRIAN S. SCARBROUGH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; MARY E. MATTIVI, judge. Opinion filed June 28, 2019. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., GREEN and POWELL, JJ.

PER CURIAM:  Brian S. Scarbrough appeals claiming there was insufficient evidence to support his misdemeanor domestic battery conviction. For the first time on appeal, he also claims he was justified in pushing his wife, Michelle, because he was entitled to stand his ground and defend himself against her yelling. We find no evidence to support Scarbrough's claim he could push his wife in response to her yelling at him, and the evidence presented was sufficient to support Scarbrough's conviction for misdemeanor domestic battery. We affirm.

1

Brian and Michelle had a heated argument in 2017 after Michelle grew angry for not being paid babysitting fees from someone else. After their argument, Michelle and her minor son, V.C., called the Topeka Police Department and officers arrested Brian at the family's home. The State charged Brian with domestic battery. See K.S.A. 2018 Supp. 21-5414(a)(2), a class B person misdemeanor.

At Brian's bench trial, Topeka Police Officers Jason Oyler and Derek Parrett, V.C., Michelle, and Brian testified. Oyler and Parrett responded to the domestic dispute and met with Michelle, V.C., and Brian. Oyler testified he took Michelle's statement. Michelle reported Brian had pushed her onto a bed, onto the floor, pulled her by her ponytail, and put his hands around her neck. Oyler did not see marks on Michelle's neck but her statement corroborated V.C.'s statement.

Parrett testified he interviewed V.C. V.C. reported he went downstairs after he heard Michelle and Brian yelling. V.C. saw Brian's hand on Michelle's neck and another hand holding her hair back. V.C. reported Michelle then threw a cell phone to V.C. and he started to call the police. Michelle got away from Brian, went upstairs with V.C., and reported the incident to the police.

Oyler conducted a post-*Miranda* interview with Brian in his patrol vehicle. Brian admitted he pushed Michelle, grabbed her by her neck, and grabbed her by her ponytail.

Eleven-year old V.C.'s testimony corroborated the testimony from the police officers. V.C. testified he heard yelling downstairs and saw Brian grabbing Michelle. V.C. demonstrated how Brian grabbed his mother, but the appellate record does not indicate what V.C. showed the district court. V.C. did not believe Brian's actions were intended to be comforting to his mother.

Michelle's and Brian's testimony contradicted testimony from the police officers and V.C. Michelle testified she has cataplexy, a neurological disorder causing her to lose all muscle control and completely collapse when she has an "attack." Michelle's disorder prevents her from speaking, moving, or functioning from 30 seconds to a few minutes. Her disorder is triggered by stressful situations or severe anger. According to Michelle, she started "screaming belligerently in [Brian's] face," he pushed her and yelled at her, telling her to go upstairs and calm down. Brian had previously witnessed Michelle's cataplexy but her children had not. Michelle testified she had a cataplexy episode, V.C. came downstairs and saw Michelle and Brian, but V.C. did not see Brian push her. Michelle also testified she did not remember what she told the police. Oyler could not recall if Michelle told him about any medical condition and no medical condition was included in his report.

Brian testified he tried to separate himself from Michelle during their argument by making Michelle go upstairs, but she had a cataplexy attack and fell over the corner of the bed. Brian testified Michelle's head fell back and her eyes rolled back into her head, so he stretched across the bed to grab her from the back of her head and held her chin to prevent her from falling over. According to Brian, V.C. then came downstairs, became upset, and Michelle came out of her cataplexy attack. She then threw the phone at V.C. and told him to call the police.

The district court found Brian guilty of misdemeanor domestic battery.

ANALYSIS

Brian claims there was insufficient evidence to support his conviction because he did not knowingly cause physical contact with Michelle in a rude, insulting, or angry manner. As discussed later, he has abandoned this argument.

3

Appellate courts find a party has waived and abandoned his or her argument when the party fails to explain why he or she is entitled to raise a new argument for the first time on appeal, or when the party incidentally raises an issue but does not argue it. *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014) (arguments raised for the first time on appeal are subject to Supreme Court Rule 6.02[a][5] [2019 Kan. S. Ct. R. 34]); see *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015) (points incidentally raised are waived and abandoned).

*Self-defense raised for first time on appeal*

Brian now claims he had the right to stand his ground and use appropriate force to deescalate the argument with Michelle under K.S.A. 2018 Supp. 21-5230. He has not explained why he is entitled to raise this new argument for the first time on appeal. See Supreme Court Rule 6.02(a)(5) (2019 Kan. S. Ct. R. 34). Although Brian cites to *State v. McCullough*, 293 Kan. 970, 975, 270 P.3d 1142 (2012), and *State v. Walters*, 284 Kan. 1, 16, 159 P.3d 174 (2007), he provides no argument to explain why these cases are applicable to his case. *McCullough* and *Walters* address the use of deadly force—an issue not present in Brian's case. *McCullough*, 293 Kan. at 975; *Walters*, 284 Kan. at 9.

Even though it was not raised below, we will consider Brian's self-defense argument for the first time on appeal because the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). Even so, Brian's self-defense argument is unpersuasive.

Brian's argument requires statutory interpretation where we exercise unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State v. Jordan*, 303 Kan. 1017, 1019, 370 P.3d 417

4

(2016). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016).

Brian argues he is entitled to stand his ground under K.S.A. 2018 Supp. 21-5230. K.S.A. 2018 Supp. 21-5230 allows

> "[a] person who is not engaged in an unlawful activity and who is attacked in a place where such person has a right to be has no duty to retreat and has the right to stand such person's ground and use any force which such person would be justified in using . . . under . . . 21-5220 through 21-5231, and amendments thereto."

K.S.A. 2018 Supp. 21-5222(a) authorizes a person to "the use of force against another when and to the extent it appears to such person and such person reasonably believes that such use of force is necessary to defend such person or a third person against *such other's imminent use of unlawful force*." (Emphasis added.)

Here, Brian alleges he had no duty to retreat and had the right to use reasonable force to push Michelle. Brian's argument is unpersuasive. Under the plain language of K.S.A. 2018 Supp. 21-5222(a), Brian would only be entitled to use reasonable force against Michelle's imminent use of unlawful force.

There is no factual basis to support Brian's claim he was entitled to stand his ground and push Michelle while the two were yelling at each other. No one testified Michelle was about to use *any* force on Brian or that Brian believed Michelle was about to use any force on him. Michelle and Brian both testified she was belligerently yelling in

5

Brian's face, but neither testified she threatened him. Brian responded by yelling back and pushing Michelle. Based on the evidence presented, Michelle's yelling is not unlawful force. Finding otherwise would insert meaning into K.S.A. 2018 Supp. 21-5222(a) that does not exist. See *Barlow*, 303 Kan. at 804.

Brian also argues he was justified in using force because Michelle's actions might have been sufficient to establish an assault under K.S.A. 2018 Supp. 21-5412. Brian provides no pertinent authority to support this claim, so he has failed to brief this issue. See *State v. Pewenofkit*, 307 Kan. 730, 731, 415 P.3d 398 (2018) (a failure to support a point with pertinent authority is akin to failing to brief the issue). Further, Brian fails to cite to any facts indicating Michelle's belligerent yelling placed him in reasonable apprehension of immediate bodily harm, a necessary element to establish Michelle assaulted Brian. See K.S.A. 2018 Supp. 21-5412(a). Brian has the burden to designate those facts in the record and his failure to do so allows this court to presume the district court acted properly. *State v. Sisson*, 302 Kan. 123, 128, 351 P.3d 1235 (2015). The record reflects Brian was not in apprehension of immediate bodily harm. Michelle testified Brian yelled back at her and told her to go upstairs and calm down because Brian was worried about Michelle's cataplexy, not fearful of his own circumstances. Simply put, the only unlawful force exerted in this instance was from Brian, not Michelle. The record before us does not support Brian acted in self-defense by standing his ground and pushing Michelle.

*Sufficient evidence supports Brian's conviction*

Brian also argues there is insufficient evidence to support his conviction.

"'When sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after reviewing all the evidence in a light most favorable to the prosecution, the appellate court is convinced a rational factfinder could have found the defendant guilty beyond a reasonable doubt. Appellate courts do not reweigh evidence,

6

resolve evidentiary conflicts, or make witness credibility determinations.' [Citation omitted.]" *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018).

The State charged, and the district court found, Brian guilty beyond a reasonable doubt for misdemeanor domestic battery. K.S.A. 2018 Supp. 21-5414(a)(2) defines domestic battery as "knowingly causing physical contact with . . . a family or household member, when done in a rude, insulting or angry manner."

Even if we were to find Brian was entitled to stand his ground and push Michelle, the evidence here supports Brian's conviction because he choked his wife and pulled her ponytail. Brian has never challenged this evidence, therefore, he has waived this argument. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018).

In the light most favorable to the State, substantial competent evidence supports the district court's findings Brian was guilty of domestic battery. V.C., Oyler, and Parrett testified V.C. and Michelle separately reported Brian choked her and pulled her ponytail. After Oyler read Brian his *Miranda* rights, Brian confessed to pushing Michelle down, pulling her ponytail, and holding her around the neck. When the incident was reported, no one told the police officers Michelle suffered from cataplexy. Based on this evidence, a rational fact-finder could have found Brian guilty beyond a reasonable doubt of knowingly causing physical contact with his wife in a rude, insulting, or angry manner. K.S.A. 2018 Supp. 21-5414(a)(2). The district court did not err in convicting Brian of domestic battery. See *Chandler*, 307 Kan. at 668.

Affirmed.