NOT DESIGNATED FOR PUBLICATION

No. 120,710

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF WICHITA,
*Appellee*,

v.

MIKE ALLEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFERY SYRIOS, judge. Opinion filed October 25, 2019.
Affirmed.

*Mike Allen*, appellant pro se.

*Kelsey Floyd*, assistant city attorney, for appellee.

Before ARNOLD-BURGER, C.J., GREEN and BUSER, JJ.

PER CURIAM: Mike Allen appeals the trial court's denial of his motion to reinstate
his appeal. Because Allen has failed to comply with certain Supreme Court rules, we
affirm this appeal.

On February 9, 2018, a Wichita municipal judge convicted Allen of violating the
city ordinances against "hiring a person selling sexual relations" and "anti-sex trafficking
emphasis area." On February 13, 2018, Allen appealed his convictions to the Sedgwick
County District Court.

1

On March 9, 2018, the trial court held a hearing during which Allen agreed to dismiss his appeal. Over eight months later, on November 27, 2018, Allen moved to reinstate his appeal because his convictions "caused great conflict for [him] in terms of finding employment."

On January 3, 2019, the trial court held a hearing on Allen's motion. At the hearing, Allen and the City of Wichita (City) argued whether his case was dismissed with or without prejudice. The city prosecutor alleged that Allen wrote the word "out" behind the word "with" after she had already "filled everything out." The trial court accepted the city prosecutor's allegation. Then, it denied Allen's motion to reinstate his appeal because Allen had dismissed his appeal from the municipal court with prejudice. The trial court further ruled "that under any statutory construction this motion to reinstate an appeal [was] out of time" because Allen had not alleged sufficient manifest justice.

Allen timely appealed to this court. Nevertheless, Allen's failure to comply with our Supreme Court's rules relating to appellate practice prevent us from reaching the merits of Allen's argument about whether the trial court should have reinstated his appeal.

To begin our analysis, we note that Allen is representing himself. Although we must interpret pro se pleadings liberally, the "[l]iberal rules of construction cannot transform the reality of a pleading's content . . . ." *State v. Gilbert*, 299 Kan. 797, 798, 326 P.3d 1060 (2014). Thus, we cannot ignore Allen's failure to comply with our Supreme Court's rules on appellate practice.

The first problem with Allen's appeal is that he did not serve his docketing statement on the City as required under Kansas Supreme Court Rule 2.041(b) (2019 Kan. S. Ct. R. 17). We have dismissed cases based on a party's failure to serve the docketing statement on the opposing party in the past. See *White v. Simmons*, No. 91,048, 2004 WL 1443907, at *10 (Kan. App. 2004) (unpublished opinion).

2

Notwithstanding the preceding problem, we are precluded from addressing the merits of Allen's arguments on appeal because Allen has failed to comply with other Supreme Court Rules, too.

First, Allen has not complied with Kansas Supreme Court Rule 6.02(a)(5) (2019 Kan. S. Ct. R. 35), which states:

> "(a) An appellant's brief must contain the following:
>
> . . . .
>
> "(5) The arguments and authorities relied on, separated by issue if there is more than one. Each issue must begin with citation to the appropriate standard of appellate review and a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on. If the issue was not raised below, there must be an explanation why the issue is properly before the court."

In his brief, however, Allen has not cited a standard for reviewing his argument about reinstating his appeal. Nor has he cited any law to support his argument. In *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014), our Supreme Court warned that appellants who do not comply with the plain language of Rule 6.02(a)(5) risk waiving and abandoning their argument. In short, because Allen has not cited any standard of review or law, he has not complied with Rule 6.02(a)(5). As a result, he has waived and abandoned his argument.

Second, our Supreme Court has held that failure to support a point with pertinent authority or show why that point is sound despite a lack of supporting authority is akin to failing to brief an issue. *State v. Pewenofkit*, 307 Kan. 730, 731, 415 P.3d 398 (2018). As just noted, however, Allen has not cited any law to support his argument that his appeal should be reinstated. Nor has he asserted that his argument is sound despite a lack of supporting authority. Accordingly, Allen has failed to adequately brief his argument by failing to use legal authority to support it.

3

Third, Allen's argument hinges on whether the trial court originally dismissed his appeal without prejudice. Although Allen has included the disputed journal entry of dismissal in the record on appeal, Allen has not included the transcript from the hearing when the trial court dismissed his appeal. Without this transcript, the record on appeal is incomplete, which prevents us from knowing the trial court's stated reasons for dismissal. If we knew the trial court's stated reasons for reversal, we could resolve the factual dispute that Allen's argument hinges on. Our Supreme Court has held that appellants, as the party claiming error, have the burden to designate a record that supports their claim. When appellants fail to include an adequate record on appeal, appellate courts presume the action of the trial court was proper. See *State v. Sisson*, 302 Kan. 123, 128, 351 P.3d 1235 (2015). Thus, because Allen has not included the transcript from the hearing when the trial court dismissed his appeal, we presume the trial court's refusal to reinstate his appeal was proper.

Finally, we note that we have no jurisdiction to reverse Allen's convictions based on insufficient evidence as requested in Allen's motion filed on August 12, 2019. We have jurisdiction to consider an appeal only if that appeal was taken in the manner prescribed by Kansas' statutes. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). Here, the litigation was terminated based on Allen's motion to dismiss. Thus, the trial court's judgment against Allen never encompassed the issue of whether sufficient evidence existed to support his convictions. In turn, we lack jurisdiction to consider whether sufficient evidence supported Allen's convictions. See K.S.A. 2018 Supp. 22-3602(a) (stating that defendants may appeal only from the trial court's judgment against them).

Affirmed.