NOT DESIGNATED FOR PUBLICATION

No. 121,067

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

REUBEN ESPINOZA ZUNIGA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ellis District Court; BLAKE A. BITTEL, judge. Opinion filed December 23, 2020.
Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., BRUNS and POWELL, JJ.

PER CURIAM: A jury sitting in Ellis County District Court convicted Defendant Ruben Zuniga of felony driving under the influence in violation of K.S.A. 2017 Supp. 8-1567 and two other charges arising from a single-car mishap. On appeal, Zuniga contends the district court erred in allowing the State to present videotapes of the scene as rebuttal evidence when the prosecutor first disclosed them to the defense the morning of trial. Under the circumstances, we find the admission of the videotapes lay within the district court's judicial discretion and Zuniga has not shown an abuse of that broad authority. Were there error in the ruling, it would have been harmless. We, therefore, affirm Zuniga's convictions and resulting sentences.

1

FACTUAL AND PROCEDURAL HISTORY

About 2:30 a.m. on March 18, 2018, Ellis County Sheriff's Deputy Katelyn Johannes was dispatched to the scene of what had been reported as a one-car accident in Hays, Kansas. She arrived to find a heavily damaged sedan with the driver's side airbag deployed. The car had struck the concrete skirt around an electrical transformer. The driver was nowhere to be found. Deputy Brian Walker arrived in short order. We observe without further comment that St. Patrick's Day had drawn to a close only hours earlier— concluding an occasion for some of Irish heritage and others temporarily claiming such heritage to engage in revelry often involving the consumption of alcohol.

The tag on the car came back registered to Zuniga. Deputy Johannes knew Zuniga from previous law enforcement contacts with him. (The record reflects Zuniga had five previous DUI convictions.) She set out toward Zuniga's nearby home. In the meantime, Deputy Walker photographed the accident scene. He had also activated a dashcam video in his patrol car and a bodycam video he wore.

At the trial in December 2018, Deputy Johannes testified she found Zuniga walking toward his home. According to Deputy Johannes, Zuniga recognized her and called her by name. Zuniga was unsteady on his feet and smelled strongly of alcohol. Deputy Johannes testified Zuniga admitted being drunk and disclaimed any injuries or a need for medical attention. He asked her to give him a break by letting him go home. Deputy Johannes declined and arrested him. At the jail, Zuniga refused to take a breath test. Deputy Johannes did not record her interaction with Zuniga the morning of March 18.

The State charged Zuniga with felony DUI, driving on a suspended license, and leaving the scene of an accident involving property damage. The appellate record

2

indicates that well before trial Zuniga's lawyer made an oral request of the prosecutor for any video recordings and was told there were none.

As we have indicated, the prosecutor informed Zuniga's lawyer on the morning of trial that only the day before Deputy Walker had mentioned he had dashcam and bodycam videos of the car and the accident scene. Zuniga was not depicted in the videos. The prosecutor provided copies of the videotapes to Zuniga's lawyer and stated that he did not intend to call Deputy Walker as a witness or to offer the videotapes as trial exhibits. Zuniga's lawyer did not ask for a continuance.

During the trial, the prosecutor called Deputy Johannes as the only witness in the State's case-in-chief.

Zuniga testified in his own defense. He told the jury he had been working on roofing job or jobs in the Goodland area for a contractor named Manny, whose last name he couldn't remember. Zuniga testified that he remained in Goodland until late on the evening of March 17 waiting to get paid. As he was driving from Goodland to Hays, Zuniga began to have chest pains that got worse, so he hurried to get home. Zuniga told the jury he blacked out and hit the transformer.

Zuniga denied having been drinking and told the jury he stayed with the car after the collision. According to Zuniga, Deputy Walker was the first to arrive, followed by Deputy Johannes who declared that he must be drunk. Zuniga described being arrested and transported to jail but did not mention any request that he take a breath test. Zuniga testified that he had a heart attack several days after his arrest and has other heart problems. Based on Zuniga's testimony, he never told the deputies he had chest pains or blacked out. And he offered no evidence at trial corroborating any portion of his account of what happened on March 17 or March 18.

After Zuniga testified, the prosecutor said he intended to call Deputy Walker as a rebuttal witness and to offer the video recordings of the scene as rebuttal evidence. Zuniga's lawyer objected based on the late disclosure of the videotapes. The district court denied the objection. The prosecutor presented Deputy Walker and the videotapes to the jury.

The jury convicted Zuniga as charged. The district court later sentenced Zuniga to serve 12 months in the county jail on the DUI conviction with a 12-month period of postrelease supervision and shorter concurrent jail terms on the other convictions. Zuniga has appealed.

LEGAL ANALYSIS

On appeal, Zuniga challenges the district court's ruling allowing the State to present the video recordings from Deputy Walker's dashcam and bodycam as rebuttal evidence during the jury trial. In his appellate brief, Zuniga alludes to a constitutional violation but never outlines an argument based on a particular constitutional deprivation. Rather, he contends the district court abused its discretion in allowing the evidence because its disclosure the morning of trial undercut his planned defense. Zuniga submits the prejudice to him was heightened because his lawyer had previously asked that any video recordings be disclosed.

We are disinclined to consider Zuniga's spectral constitutional claim, such as it is, since we can't get a fix on what right he thinks has been impaired. See *State v. Pewenofkit*, 307 Kan. 730, Syl. ¶ 2, 415 P.3d 398 (2018) (appellate court need not consider point unsupported by authority or by reasoned argument for its validity despite absence of supporting authority). We suppose Zuniga may have contemplated a *Brady* claim for the failure to disclose exculpatory evidence. The State has a constitutional duty to turn over exculpatory evidence to a criminal defendant. See *Brady v. Maryland*, 373

4

U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963); *State v. Francis*, 282 Kan. 120, 150, 145 P.3d 48 (2006). Evidence is exculpatory if it tends to disprove a fact in issue that is material to guilt or punishment or if it may be used to impeach inculpatory evidence or witnesses of the prosecution. See *Giglio v. United States*, 405 U.S. 150, 154, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972); *State v. Lackey*, 295 Kan. 816, 823, 286 P.3d 859 (2012). A *Brady* violation, then, requires: (1) evidence favorable to the defendant either because it is exculpatory or impeaching; (2) the State's willful or inadvertent suppression of that evidence; and (3) prejudice to the defendant based on the materiality of the withheld evidence. *State v. Warrior*, 294 Kan. 484, 506, 277 P.3d 1111 (2012). In this context, withheld evidence is material if its disclosure would have created a reasonable probability of a different result at trial. 294 Kan. at 507.

But a *Brady* claim would fail here. First, the videotapes do not appear to be either inculpatory or exculpatory on their own. They became inculpatory because they tended to contradict Zuniga's trial testimony that he remained at the scene of the accident. Second, the videotapes were not withheld through the trial. To be sure, they were disclosed very late in the process. But Zuniga could have requested a continuance to fully assess the impact of the video recordings.

As a general matter, relevant evidence should be admitted. See K.S.A. 60-407(f). Here, as we have indicated, Zuniga's account of the accident and his arrest plainly made the videotapes relevant. A district court, however, may exclude otherwise relevant evidence to protect a party from undue surprise or prejudice. See K.S.A. 60-445; *State v. Leitner*, 272 Kan. 398, 415, 34 P.3d 42 (2001). That's the pitch Zuniga made based on the late disclosure of the videotapes.

By its terms, K.S.A. 60-445 entrusts the decision to exclude evidence to the district court's judicial discretion. We review the district court's determination to admit or exclude otherwise relevant evidence under K.S.A. 60-445 for abuse of discretion. *State v.*

5

*Davis*, 312 Kan. 259, 474 P.3d 722, 737 (2020). That mirrors the common standard for evidentiary rulings. *Wendt v. University of Kansas Med. Center*, 274 Kan. 966, 975, 59 P.3d 325 (2002) (A decision to admit or exclude a particular piece of evidence that is otherwise material largely rests in the trial court's sound discretion.). A district court exceeds that discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011).

We see no abuse of that broad judicial authority in the district court's ruling. The State could have called Deputy Walker as a rebuttal witness without having disclosed his identity before trial. See *State v. Edwards*, 299 Kan. 1008, 1016, 327 P.3d 469 (2014). And the videotapes simply corroborated his testimony and that of Deputy Johannes that Zuniga was not present at the accident scene when they arrived.

Even if the district court erred in admitting the videotapes, the error would have been harmless. The wrongful admission or exclusion of evidence does not itself entail a constitutional error, so the standard for harmlessness asks whether there was a reasonable probability the mistake affected the outcome of the trial. *Ward*, 292 Kan. 541, Syl. ¶ 6. The State as the party benefiting from the ostensible error would bear the burden of showing the absence of that probability. *State v. McCullough*, 293 Kan. 970, 983, 270 P.3d 1142 (2012). Without the videotapes, the jurors would have had a credibility contest pitting Deputy Johannes and Deputy Walker against Zuniga.

Not to belabor the point, Zuniga offered an uncorroborated version of events that seemed implausible in various details. And, of course, he had considerable incentive to present an exculpatory rendition to avoid conviction. Conversely, the law enforcement officers provided consistent testimony and had no apparent incentive to embellish what

was for them a fairly routine incident involving a single-car accident, a drunk driver, and no injuries to anyone. Moreover, the competing accounts could not really be reconciled, since Zuniga said he remained at the accident scene and the officers said the driver left before they arrived. Somebody was lying. The jurors believed the officers. Under the circumstances, we are unpersuaded they would have arrived at the opposite credibility determination if the videotapes had been excluded as evidence.

Zuniga cites *State v. Auman*, 57 Kan. App. 2d 439, 455 P.3d 805 (2019), to support his position for exclusion of the videotapes and prejudicial error arising from the district court's failure to exclude them. But *Auman* is readily distinguishable. There, Auman faced aggravated battery charges arising from a DUI. The case had been much delayed—the underlying incident happened in May 2016 and the trial had been continued to late October 2018 on the cusp of the statutory speedy trial deadline. On the Friday before the Monday trial, the State disclosed an obviously exculpatory videotape that effectively identified for the first time three individuals who likely could provide testimony favorable to Auman. Leading up to the trial, the State had repeatedly assured the district court everything had been produced to the defense. The district court dismissed the case with prejudice, finding no sound grounds for a continuance based on the State's late disclosure of the recording in the face of an imminent speedy trial deadline. We affirmed that ruling. 57 Kan. App. 2d at 447-48. None of those circumstances were present here. Deputy Walker's videotapes were not exculpatory; the prosecution had not been greatly delayed; and there was no apparent speedy trial problem with a continuance had Zuniga requested one. In short, the *Auman* case does not call into question the district court's exercise of discretion in admitting Deputy Walker's videotapes as rebuttal evidence.

Affirmed.

7